**William J. GASS, Plaintiff-Appellant,**

v.

**NATIONAL CONTAINER CORPORATION, a Corporation, and Leonard Moore, Defendants-Appellees.**

No. 12624.

United States Court of Appeals Seventh Circuit.

Oct. 30, 1959.

William L. Mason, Jr., Bernard Susman, St. Louis, Mo., Lee Ensel, Springfield, Ill., for plaintiff-appellant.

Alton G. Hall, Barber & Barber, Henry R. Barber, Springfield, Ill., for defendants-appellees.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This action was removed to the District Court on grounds of diversity of

citizenship from the Circuit Court of Madison County, Illinois. Plaintiff's amended complaint contained three counts. By the first count, plaintiff-appellant, William J. Gass sought to recover damages both actual and punitive against the National Container Corporation and Leonard Moore, its Vice-President, defendants-appellees, on allegations charging fraud and deceit in inducing plaintiff to surrender and cancel a written contract of employment with the corporate defendant and then discharging him. The second count sought damages against the corporate defendant only for breach of a written contract of employment. The third count sought damages for breach of an oral contract of employment. Defendants moved to dismiss all counts and the District Court sustained the motion as to the first and third counts.

On motion of the plaintiff the District Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., made an express determination "that there is no just reason for delay" and expressly directed entry of final judgment on its order dismissing the first and third counts of plaintiff's complaint.

■■■ The determination of the District Court does not preclude review by us as to the application of Rule 54(b), Sears, Roebuck & Company v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. The question of whether there was a basis for the determination by the District Court that there is no just reason for delaying review of its order dismissing the first and third counts of plaintiff's complaint must be determined in the light of the traditional, deeply-rooted and wisely sanctioned principle against piecemeal appeals. Rule 54(b) is designed to make an accommodation between that policy and the problems of the timing of review which have arisen under modern liberalized rules of joinder. In this connection the following observations made in Panichella v. Pennsylvania Railroad Company, 3 Cir., 252 F.2d 452, 455 are pertinent:

"Thus, the procedure contemplated by Rule 54(b) is usually more than a formality. Perhaps it can properly be viewed as mere formality, albeit an essential prerequisite of immediate appeal, in those cases where it is clear that the disposition of a portion of the litigation has been such as would clearly have constituted an appealable final judgment under Section 1291 of Title 28 before the adoption of the Rules of Civil Procedure. But otherwise and ordinarily an application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *.' 28 U.S.C.A., Federal Rules of Civil Procedure, 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65."

■■■ Application of the above standard to the instant case clearly indicates that it was was not an appropriate one for entering a special order under Rule 54(b). There is nothing which establishes the existence of any hardship or unfairness which would justify discretionary departure from the normal rule as to the time of the appeal.

We conclude that the order entered under Rule 54(b) did not constitute a proper exercise of discretion. It should be vacated so that the order dismissing the

first and third counts of plaintiff's complaint may be restored to an interlocutory status which would permit a later appeal if occasion should arise upon final disposition of the cause. The appeal is dismissed and the cause remanded to the District Court with directions to vacate the order entered under Rule 54(b).