**Frederick C. ZANGARDI, Appellant,**

**v.**

**Walter N. TOBRINER et al., Appellees.**

**No. 17900.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 23, 1963.

Decided March 5, 1964.

Mr. Norman H. Heller, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM.

The appellee Commissioners of the District of Columbia fixed the retirement allowance of the appellant, a member of the Metropolitan Police Department, at 40 per cent of his pay. He contends it should be 66⅔ per cent. We intimate no view on this question. It turns on the construction of the D.C.Code (1961), particularly §§ 4–526 and 4–527.

Appellant filed a complaint in two counts against the Commissioners. Count One asks for a mandatory injunction requiring the defendants to pay him the larger allowance. Count Two asks for a declaratory judgment that he is entitled to the larger allowance. The District Court denied the defendants' motion for summary judgment on Count One but granted it on Count Two, expressly determined that there was no just

 

reason for delay, and ordered entry of final judgment dismissing Count Two.

 Since the two counts turn on the same question and ask what is for practical purposes the same relief, disposing of one count and leaving the other for future disposition complicates the case and serves no useful purpose. We apply the Supreme Court's statement in Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297, that an abuse of discretion by the District Court in acting under F.R.Civ.P. Rule 54(b) is reviewable by the Court of Appeals.

The appealed judgment will be set aside and the case remanded for further proceedings. The District Court will have full control over the entire case, including both counts of the complaint, until final judgment is entered as to both counts. Cf. Robbin v. The American University, 117 U.S.App.D.C. ——, 330 F.2d 225.

Remanded for further proceedings.