Callman **GOTTESMAN** et al., Appellants,

v.

**GENERAL MOTORS CORPORATION**
and E. I. duPont deNemours
& Co., Appellees.

No. 17, Docket 32412–32414.

United States Court of Appeals
Second Circuit.

Argued June 17, 1968.

Decided July 18, 1968.

Clendon H. Lee, New York City (Netter, Netter, Down, Fox & Ness, Gordon, Brady, Caffrey & Keller, O'Connor & Farber, New York City, on the brief), for appellants.

Daniel W. Gribbon, Washington, D. C. (Covington & Burling, Washington, D. C.; Littauer, Gordon, Ullman & Riseman, Edward B. Wallace, New York City, on the brief), for appellees.

Before MOORE and HAYS, Circuit Judges, and TIMBERS,* District Judge.

PER CURIAM:

Defendants-appellees General Motors Corporation (General Motors) and E. I. duPont deNemours & Co. (duPont) move to dismiss plaintiffs-appellants' appeal for the reason that the judgment appealed from constitutes only a partial adjudication in an action involving a single claim.

Plaintiffs, as minority stockholders of General Motors, instituted this derivative suit and in November 1959 filed a 52-page amended consolidated complaint containing fourteen causes of action. In essence, they alleged that duPont had dominated and controlled General Motors in the purchase of certain duPont products, including automotive fabrics and finishes, fluoride compound refrigerants (Freon), refrigerator finishes and tetraethyl lead. Due to the complexity of the issues, Judge Metzner was designated as the single judge for all purposes. With his guidance, counsel stipulated that the

* District of Connecticut, sitting by designation.

first question to be litigated should relate to automotive fabrics and finishes.

On December 13, 1967, after a lengthy nonjury trial, Judge Metzner found for the defendants. Gottesman et al. v. General Motors Corporation, 279 F.Supp. 361 (S.D.N.Y.1967). On March 29, 1968, final judgment was entered pursuant to an order signed on February 20, 1968, after a hearing, in which Judge Metzner said:

> * * * I find that more than one claim for relief has been presented in the above entitled action, and I direct the entry of a final judgment dismissing the claims as to Automotive Fabrics & Finishes on the ground that there is no just reason for delay.

Plaintiffs appeal from this judgment.

■■■ Fed.R.Civ.P. 54(b) permits the court to enter a final judgment as to one of the claims "[w]hen more than one claim for relief is presented." The word claim denotes "the aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, 189 (2 Cir. 1943); McNellis v. Merchants National Bank and Trust Company of Syracuse, 385 F.2d 916, 918–919 (2 Cir. 1967). We believe that there are separate claims here. Each product involves separate markets and commercial considerations. Different exhibits, proof and witnesses will be necessary; different sets of operative facts will determine the result. Therefore, Rule 54(b) is applicable; the judgment is final and appealable. Rieser v. Baltimore & Ohio Railroad, 224 F.2d 198 (2 Cir. 1955), cert. denied 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956). Where, as here, a trial judge has been appointed for all purposes, the exercise of his discretion in entering a Rule 54(b) judgment should not be disturbed unless it is clearly erroneous. Furthermore, we note that "[A]ppellees believe that the decision below is entirely correct, and would welcome immediate appellate review and affirmance." Brief of appellees, page 7.

Motion denied.