**LIQUILUX GAS SERVICES OF PONCE, INC., et al., Plaintiffs,**

v.

**TROPICAL GAS CO., Inc., et al., Defendants.**

**Civ. A. No. 32–61.**

United States District Court

D. Puerto Rico.

Nov. 13, 1969.

Supplemental Order Nov. 18, 1969.

Patrick J. Wilson, Ponce, P. R., for plaintiffs.

Jose Trias Monge, San Juan, P. R., for defendants.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

On September 10, 1969 the Court entered an order in this case dismissing Counts I and II of the Amended and Supplemental Complaint and striking from Count III thereof paragraphs 26 (J) and 26(K), D.C., 303 F.Supp. 414. The balance of Count III remains for trial. Plaintiffs now seek to appeal from the Court's order of September 10, 1969, and have moved pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for an express determination that there is no just reason for delay and for an express direction for the entry of final judgment with respect to the matters covered by the Court's order of September 10, 1969.

For the reasons set forth below, plaintiffs' motion is denied.

This is an antitrust action for damages and injunction filed by Liquilux Gas Services of Ponce, Inc., and certain other companies which plaintiffs allege to be either subsidiaries or affiliates constituting a single operating entity for the purpose of selling and distributing propane gas. The defendants are Tropical Gas Company, Inc., New England Petroleum Corporation, and Commonwealth Oil Refining Company, Inc. The Amended and Supplemental Complaint contained three counts. The first two counts alleged discriminatory pricing and the furnishing of preferential services in the sale of propane gas in violation of Sections 2(a) and 2(e) of the Robinson-Patman Act. The third count alleges a combination and conspiracy in restraint of trade in propane gas in violation of the Sherman Act. Tropical Gas Company, Inc., was named as a defendant in all the counts and the remaining defendants were named only in Count III.

Plaintiffs have characterized Count III as the gravamen of the offense charged, namely, conduct among all of the defendants which results in the plaintiffs being required to purchase all their propane requirements at an excessively high price from their principal competitor. The acts charged in Counts I and II were also pleaded in paragraphs 26(J) and 26(K) of Count III as part of the alleged overall conspiracy. Though somewhat different facts may be relevant to each count of the complaint, its overall thrust is directed to sale and distribution of one product, propane, in one area, and involves a limited number of parties. In plaintiffs' view, the conduct complained of constituted a violation of three provisions of the antitrust law. The effect of this Court's order of September 10, 1969, dismissing Counts I and II, was to leave the Sherman Act count for further proceedings. The order did not terminate the proceeding as to any party.

There is a substantial issue as to whether the complaint presents multiple claims or simply a single claim with recovery being sought on three legal theories. If the latter view is taken, the Court's order of September 10, 1969, did not constitute a final order as to any claim and could not be made appealable

by a determination under Rule 54(b).[1] Cott Beverage Corporation v. Canada Dry Ginger Ale, Incorporated et al., 243 F.2d 795 (2nd Cir. 1957); Seaboard Machinery Corp. of Del. v. Seaboard Machinery Corp., 267 F.2d 178 (2nd Cir. 1959); Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802, 810 (1954); Edney v. Fidelity and Guaranty Life Insurance Co., 348 F.2d 136, 137 (8th Cir. 1956). However, because of the basis on which the Court has decided the instant motion, it is not necessary to reach this concededly difficult issue.

■ The Court views plaintiffs' motion as invoking its discretion. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Thus, the issue is whether under the facts of this case the Court should permit an appeal of an order which rejects certain theories of recovery but does not terminate a complicated antitrust case as to any party.

The applicable considerations are succinctly stated by Judge Hastie in Panichella v. Pennsylvania Railroad Company, 252 F.2d 452, 454–455 (3rd Cir. 1958), cert. denied, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960), wherein it was stated:

> "*But otherwise and ordinarily an application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *.'* 28 U.S.C.A., Federal Rules of Civil Procedure,

118–119 note. *It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.* The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65." (252 F.2d at 455.) (Emphasis supplied.)

See also: Columbia Broadcasting System, Inc. v. Amana Refrigeration, Inc., 271 F.2d 257 (7th Cir. 1959), cert. denied, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747 (1960); Gass v. National Container Corporation, 271 F.2d 231 (7th Cir. 1959); Schwartz v. Compagnie Generale Transatlantique, 405 F.2d 270 (2d Cir. 1968); Campbell v. Westmoreland Farm, Inc., 403 F.2d 939 (2d Cir. 1968).

■ It can be said with some justification, as plaintiffs have urged, that should they eventually prevail on the appeal of the dismissal of Counts I and II, a trial of those counts would inevitably be delayed until a time subsequent to a disposition of Count III. However, permitting them to take an appeal at this time would have the effect of delaying the trial on Count III. Nor would it be proper for pretrial discovery to proceed while the appeal was being decided, since this could result in duplicative discovery and additional expense to the parties. In weighing the competing considerations, the Court is compelled to conclude that this is a case in which the policy against piecemeal appeals must govern and that plaintiffs have not made a sufficiently strong showing to require the exercise of the discretionary power

1. Irrespective of which view is taken, that portion of the Court's order striking paragraphs 26(J) and 26(K) from Count III most assuredly did not dispose of any separate claim. Thus, under no circumstances could that part of the order be appealed at this time.

to enter an order under Rule 54(b). Accordingly, plaintiffs' motion is denied.

## ORDER

This matter having come before the Court on plaintiffs' motion that this court make a determination under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and for an express direction for the entry of judgment with respect to the Court's order of September 10, 1969, dismissing Counts I and II and striking paragraphs 26(J) and 26(K) of Count II of the Amended and Supplemental Complaint, and the Court, upon consideration of the memoranda submitted by counsel and the pleadings on file in this action, for the reasons set forth in its opinion filed November 13, 1969, it is by the Court this 13th day of November, 1969,

Ordered, that plaintiffs' motion for a determination under Rule 54(b) of the Federal Rules of Civil Procedure be and is hereby denied.

## SUPPLEMENTAL ORDER

In the Memorandum Opinion filed November 13, 1969, at page 332 thereof, it is stated that "the issue is whether under the facts of this case the Court should permit an appeal of an order which rejects certain theories of recovery but does not terminate a complicated antitrust case as to any party."

The Court wants to make clear that nothing in its Memorandum Opinion of such date shall be interpreted as passing on the issue whether the complaint in the instant case presents multiple claims or simply a single claim with recovery being sought on three legal theories. As expressed elsewhere in its Memorandum Opinion, the Court did not find it necessary to reach this issue, having decided on other grounds that the present case is not an appropriate one for entering a special order under Rule 54(b).