Max S. GUMER,
Plaintiff-Appellant-Appellee,

v.

SHEARSON, HAMMILL & CO., INC.,
Defendant-Appellee-Appellant,

Winslow, Cohu & Stetson, Inc., Frederick S. Nusbaum, and The New York Stock Exchange, Defendants.

Nos. 172, 618, Dockets 74–1643, 74–2193.

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1974.
Decided Dec. 16, 1974.

**284**

John F. Mahon, Rochester, N.Y. (Stuart B. Meisenzahl and Wiser, Shaw, Freeman, Van Graafeiland, Harter & Secrest, Rochester, N.Y., on the brief), for plaintiff-appellant-appellee Gumer.

Harry P. Trueheart, III, Rochester, N.Y. (Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., on the brief), for defendant-appellee-appellant Shearson.

Before FRIENDLY, FEINBERG and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Max S. Gumer appeals from a judgment entered August 1, 1974 in the Western District of New York, Harold P. Burke, District Judge, dismissing his complaint as against defendant Shearson, Hammill & Co., Inc. (Shearson), nunc pro tunc as of April 1, 1974. Judge Burke's decision and order of April 1 had dismissed the complaint as against Shearson, one of four defendants, and had denied plaintiff leave to amend his complaint; but the April 1 order did not contain a Rule 54(b) certificate and was not a final order. On April 29, plaintiff filed a notice of appeal from the April 1 order. After Shearson moved to dismiss the appeal on the ground there was no final order or judgment, Judge Burke on

application of plaintiff entered an order on July 31 which modified his April 1 order by including a Rule 54(b) certificate. From the judgment of August 1, entered on the July 31 order, both plaintiff and Shearson have appealed.

## I.

Prior to July 1969, plaintiff had maintained a securities account with a net value of $1,461,437 at the Rochester office of defendant Winslow, Cohu & Stetson, Inc. (Winslow). Defendant Nusbaum was a vice president and manager of Winslow's Rochester office. At the request of Nusbaum and Winslow, plaintiff guaranteed two other accounts in Winslow's Rochester office. These two accounts eventually were consolidated with plaintiff's account. The consolidated account was transferred to Shearson at plaintiff's request in view of the possible financial collapse of Winslow. Shearson and Winslow were both member firms of the New York Stock Exchange (NYSE).

As a result of a series of transactions alleged in the complaint,[1] plaintiff ended up losing his entire account. On February 25, 1971, he commenced the instant action to recover damages against each of the four named defendants. He alleged violations of the federal securities laws, certain rules of the NYSE and Regulation T of the Federal Reserve Board.[2] He also alleged pendent state law claims.

Shearson's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) was addressed to counts 6, 8 and 10 which alleged violations of the securities laws, rules of the NYSE and Regulation T. The pendent state law claims alleged in counts 7, 9 and 11 were dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In addition to the complaint and Shearson's four paragraph motion to dismiss, the motion was supported by three affidavits. They showed that plaintiff's margin account agreement contained an arbitration clause, that Shearson had demanded arbitration of the instant dispute and that plaintiff had declined to proceed to arbitration.

## II.

Our threshold inquiry is whether we have appellate jurisdiction. This involves the propriety of the Rule 54(b) certificate since the judgment adjudicated only plaintiff's claims against defendant Shearson, not those against the other three defendants.

Technically, we could dismiss the appeal on the ground that the district court had no jurisdiction to enter the Rule 54(b) certificate after the appeal had been taken and without our permission. Williams v. Bernhardt Bros. Tugboat Service, Inc., 357 F.2d 883, 884–85 (7 Cir. 1966); Wolfson v. Blumberg, 340 F.2d 89, 90 (2 Cir. 1965); 6 Moore's Federal Practice ¶ 54.41[4], at 774–75 (2d ed. 1974). In view of the broader scope of our remand outlined below, however, we pass over this technical defect which could be readily corrected on remand in any event.

The more difficult issue with respect to the Rule 54(b) certificate, aside from its delayed entry, is whether it was improvidently granted—an issue which is open to review by us. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435–37

---

1. In view of our disposition of the appeal, there is no need for us to summarize the complaint. It consists of eighty-one numbered paragraphs. Of the eleven counts, five are against Shearson alone; one is against Shearson and the NYSE; four are against Winslow and Nusbaum; and one is against Winslow, Nusbaum and the NYSE. There is the usual incorporation by reference in some counts of allegations in other counts.

2. Among the violations alleged are those of Sections 6, 7, 10(b), 15(c)(1) and 19 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78f, 78g, 78j(b), 78o(c)(1) and 78s (1970); Rules 10b–5 and 15c3–1, 17 C.F.R. §§ 240.10b–5, 240.15c3–1 (1974), promulgated by the Securities and Exchange Commission (SEC); Rules 405 and 431 of the NYSE; and Regulation T of the Federal Reserve Board, 12 C.F.R. § 220 (1974).

(1956); Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942–43 (2 Cir. 1968); Panichella v. Pennsylvania Railroad Co., 252 F.2d 452, 455 (3 Cir. 1958); cf. Gottesman v. General Motors Corp., 401 F.2d 510, 512 (2 Cir. 1968). Specifically, the aspect of the piecemeal appeal here that troubles us most is whether a determination by us of some issues involving defendant Shearson which also may be common to some of the other defendants[3] might result in prejudice to the other defendants who would not have had an opportunity before us to participate in the determination of those issues. Robbin v. American University, 330 F.2d 225 (D.C.Cir. 1964); see Build of Buffalo, Inc. v. Sedita, 441 F.2d 284, 294 (2 Cir. 1971) (dissenting opinion of Anderson, J.).[4]

■ We suggest to the district courts that in the future it would be helpful to us in reviewing the exercise of discretion in granting a Rule 54(b) certificate if the court, rather than incorporating in the certificate[5] the conclusory language of Rule 54(b), would make a brief reasoned statement in support of its determination that "there is no just reason for delay" and its express direction for "the entry of a final judgment as to one or more but fewer than all of the claims or parties" where the justification for the certificate is not apparent. In addition to the consideration mentioned above, other factors which might appropriately

be evaluated in such a statement by the district court are referred to in Judge Smith's opinion in Campbell, supra, 403 F.2d at 942–43.

While we find the question of whether the Rule 54(b) certificate was improvidently granted in the instant case to be a close one, we decline to dismiss the appeal on that ground—chiefly because we believe that our disposition of the appeal, provided for below, will make possible a more expeditious and just result for all parties.

### III.

The one thing that is clear to us is that plaintiff should have been granted leave to amend his complaint.

■ Although Shearson's motion to dismiss was labeled as a combined Rule 12(b)(6) and Rule 12(b)(1) motion, since it actually amounted to a motion for judgment on the pleadings pursuant to Rule 12(c), Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 495 F.2d 228, 231 (2 Cir. 1974), aff'g 353 F.Supp. 264, 268 (S.D.N.Y.1972), the well-pleaded material facts alleged in the complaint must be taken as admitted. And while the complaint is hardly a model of "a short and plain statement" of plaintiff's claims, Rule 8(a), even on the basis of the facts presently alleged we cannot say that, given the leave to amend he has requested, plaintiff cannot emerge with an

---

**3.** We do not suggest that all issues involving Shearson necessarily are common to the other defendants. For example, a ruling by us on dismissal of claims that Shearson mishandled appellant's account by permitting the account to fall below minimum margin requirements presumably would not involve issues common to other defendants. On the other hand, a ruling on dismissal of other claims based on Shearson's acceptance of an account generated in violation of Regulation T would involve issues on which the liability of at least the NYSE is alleged to be predicated. And if our decision were to reach the question of initial fraud or violation of Regulation T, then issues common to all defendants would be involved.

**4.** While Build of Buffalo did not involve a Rule 54(b) certificate, but the appealability under 28 U.S.C. § 1292(a)(1) (1970) of an interlocutory

order refusing an injunction, Judge Anderson's statement of the policy consideration there aptly applies here:

" . . . the adjudication of piecemeal appeals involving some but not all the defendants may operate to determine issues common to all the defendants without a corresponding opportunity for all the defendants to participate in that determination. . . . " 441 F.2d at 294.

**5.** Recitals in the district court's order of July 31, 1974 in the instant case paraphrased the language of Rule 54(b):

" . . . this Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly determining that there is no just reason for delay and expressly wishing to direct the entry of final judgment . . . .."

amended complaint that will withstand motions to dismiss.

■ Leave to amend should be freely given when justice so requires, Rule 15(a), especially where, as here, there was no good reason not to grant it. Foman v. Davis, 371 U.S. 178, 183 (1962). No reason was given by the district court in the instant case for denying leave to amend. That was an abuse of discretion. *Foman, supra,* 371 U.S. at 182.[6]

We reverse the judgment of the district court entered August 1, 1974, as well as the orders of the district court entered April 1, 1974 and July 31, 1974; and we remand the case with instructions that plaintiff be granted leave to amend his complaint.

### IV.

Since we are remanding the case to permit plaintiff to amend his complaint, we take this occasion to suggest, for the guidance of the district court, that this case strikes us as one in which that court, through early pretrial conferences or otherwise, appropriately should control and synchronize further proceedings.

Among the proceedings over which we suggest that the district court exercise close control, are the following:

(1) Pleadings, including plaintiff's amendment of his complaint, and in due course, if the case reaches that stage, the closing of the pleadings.[7]

(2) Discovery by all parties, whether in aid of appropriate motions or in preparation for trial.

(3) Motions—including motions to dismiss, for summary judgment or judgment on the pleadings—to be made by all defendants simultaneously and to be ruled on as nearly simultaneously as is practical, so that any further appeals to our Court will bring up for review the adjudications as to all defendants simultaneously, thus averting the problem referred to above of our having to rule on matters that may affect absent defendants without their having an opportunity to be heard.

(4) The propriety of Shearson's arbitration demand (which appears to be in a state of limbo), to be determined in the light of Wilko v. Swan, 346 U.S. 427 (1953); cf. Scherk v. Alberto-Culver Company, 417 U.S. 506 (1974), such determination to be synchronized with other determinations so that the case reaches our Court in one ball of wax.

(5) The advisability of inviting amicus curiae participation in the district court by the SEC on any novel issues within its special competence, e. g., whether violation of NYSE Rules 405 or 431 gives rise to a private cause of action.

(6) The preferability of ventilating the facts in the instant case at trial as opposed to further decisions on the pleadings. Compare Chris-Craft Industries, Inc. v. Piper Aircraft Corp., 480 F.2d 341 (2 Cir.), cert. denied, 414 U.S. 910 (1973) (trial on the merits, except for is-

---

**6.** We have ruled on this issue as it has been briefed and argued by counsel, i. e. whether denial of leave to amend was an abuse of discretion.

For aught that appears in the briefs, appendix and original record on this appeal, however, plaintiff still may amend the complaint as against Shearson as of right, Rule 15(a), for he apparently has never amended the complaint since filing it on February 25, 1971 and Shearson has not filed its answer.

**7.** The docket entries show that Shearson by stipulation obtained 18 extensions of its time to answer during the period of 2 years and 2 months after it was served with the complaint on March 16, 1971. Eventually it filed its motion to dismiss the complaint on May 29, 1973; this in turn was adjourned by stipulation 6 times until it finally was submitted more than 6 months later, on December 17, 1973.

With the case nearing its fourth anniversary in the district court, we trust that this leisurely pace will be accelerated under the controlled supervision of the court.

sue of damages) with Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., *supra* (judgment on the pleadings).

In focusing on the above matters, we do not intend to foreclose the district court from exercising close control over other aspects of the case. We are confident that the cooperation of able counsel for all parties with Judge Burke will bring about an expeditious conclusion of the case in the district court and in such a manner that, if there is another appeal, the entire case, including all parties, will be heard at one time in our Court.

Reversed and remanded with instructions.