PEARCE, MAYER, & GREER, INC. *vs.* ATTOYAC PROPERTIES, INC. & another.[1] March 31, 1978. The defendant Attoyac Properties, Inc. owed the plaintiff a commission for obtaining a loan of $2,200,000 for Attoyac from the defendant Diversified Mortgage Investors. By a bill brought on June 15, 1972, pursuant to G. L. c. 214, § 3(7), as in effect prior to St. 1973, c. 1114, § 62, the plaintiff sought to reach and apply the undisbursed $250,000 portion of that loan in payment of the commission. We treat the bill as an action to reach and apply brought under G. L. c. 214, § 3(6), as appearing in St. 1973, c. 1114, § 62. Diversified's motion for summary judgment, pursuant to Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974), was allowed. The plaintiff appeals from the judgment thereupon entered. There was no error. When the bill was originally filed (see *Hopedale Mfg. Co.* v. *Clinton Cotton Mills,* 224 Mass. 193, 197 [1916]), Diversified's obligation to disburse the disputed $250,000 (or any portion thereof) was "so contingent and conjectural" as to fall outside the statute. *Eastern Elec. Cable Co.* v. *Great Western Mfg. Co.,* 164 Mass. 274, 276 (1895). See *Pettibone* v. *Toledo, Cincinnati, & St. Louis R.R.,* 148 Mass. 411, 418-420 (1889); *Wheelock* v. *Globe Constr. Co.,* 195 Mass. 456, 460-461 (1907); *Hopedale Mfg. Co.* v. *Clinton Cotton Mills,* 224 Mass. at 197-198. See also *Banionis* v. *Lake,* 289 Mass. 146, 148-149 (1935). Attoyac does not seriously dispute Diversified's assertion that as of the date the bill was filed Attoyac had not complied with a condition precedent to Diversified's obligation to disburse any of the $250,000, i.e., the condition that Attoyac satisfy Diversified that Attoyac had marketable fee simple absolute title to the property on which the restaurant and motel were to be construct-

---

[1] Diversified Mortgage Investors.

ed. If, before Attoyac should comply with such a condition precedent, it were to commit any of the acts described in paragraph 37 of the loan agreement as constituting default under that agreement (including failure to make payments on the note), then Diversified was entitled under paragraph 31 of the loan agreement not to disburse any of the disputed $250,000. In short, Diversified's obligation to disburse any of the $250,000 was dependent upon the future actions of Attoyac. Contrast *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.*, 286 Mass. 556, 565 (1934), and *Rosenthal* v. *Maletz*, 322 Mass. 586, 593 (1948). In addition, we observe that a creditor can reach only what the principal debtor can assign. *Newton Housing Authy.* v. *Cumberland Constr. Co.*, 5 Mass. App. Ct. 1, 9 (1977). Paragraph 42 of the loan agreement provided that Attoyac "shall not assign . . . any part of any advance of the Loan . . . without the prior written consent of" Diversified. See Restatement of Contracts § 151(c) (1932). To allow the plaintiff to reach and apply Diversified's obligation to disburse the $250,000 would be to compel Diversified to assent to an assignment of a portion of the loan proceeds. *Pettibone*, 148 Mass. at 420. Contrast *Rosenthal*, 322 Mass. at 593. Diversified's interest in having the disputed $250,000 used in connection with the construction of the motel and restaurant rather than used to enable Attoyac to pay the commission owed to the plaintiff is demonstrated by the fact (apparent from the loan documents) that the restaurant and motel constituted the security for the undisbursed portion of the loan. See *Pettibone*, 148 Mass. at 419. There is nothing in *McCarthy* v. *Rogers*, 295 Mass. 245, 246-247 (1936), inconsistent with what we have said. Even if the various exhibits before the judge would support a finding that Diversified had breached its agreement to disburse the disputed $250,000, the plaintiff's complaint was not framed for the purpose of reaching any claim for damages Attoyac might have resulting from that breach. *Pettibone*, 148 Mass. at 420. Contrast *Digney* v. *Blanchard*, 229 Mass. 235, 238-239 (1918).

*Judgment affirmed.*

*David S. Mortensen* for the plaintiff.
*Stephen A. Moore (T. Glenn Johnston* with him) for Diversified Mortgage Investors.