J. B. L. CONSTRUCTION CO., INC. *vs.* LINCOLN HOMES
CORPORATION & others.

Middlesex.   January 17, 1980. — February 26, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Judgment, Appeal.

Where a judge ordered the entry of final judgment of dismissal in favor
   of one of several defendants, certifying under Mass. R.Civ.P. 54(b),
   365 Mass. 821 (1974), that there was "no just reason for delay," but no
   reasons for his certification were set forth in his order or apparent from
   the record, this court, after concluding that the certification was im-
   provident and made merely for the accommodation of counsel,
   ordered that the judgment be vacated and that the order allowing the
   defendant's motion to dismiss revert to interlocutory status. [252]

CIVIL ACTION commenced in the Superior Court on
September 21, 1978.

A motion to dismiss was heard by *Mitchell, J.*

*David C. Hawkins* for the plaintiff.

*Barbara J. Rouse (Arnold P. Messing* with her) for
Massachusetts Housing Finance Agency.

GRANT, J.   This is an action brought in the Superior
Court by which the plaintiff, the general contractor for the
construction of a project of low and moderate income hous-
ing, seeks to recover damages from the owner of the project
and from the architect on the project.   The owner an-
swered, counterclaimed and asserted a cross claim against
the architect.   One of the five counts of the substitute com-
plaint names Massachusetts Housing Finance Agency
(MHFA) as a party defendant and seeks to reach and apply
to the satisfaction of the plaintiff's claims against the owner
monies which the plaintiff alleges are due the owner from
MHFA under the provisions of a mortgage loan agreement

between those parties.  G. L. c. 214, § 3(6), as appearing in St. 1972, c. 1114, § 62.  MHFA moved to dismiss the action as to it, and its motion was allowed after hearing.[1]

The plaintiff thereupon filed a motion that the court "[f]ind that there is no just reason for delay" and that it "[c]ertify that its order allowing the . . . motion to dismiss was and is a final judgment under Mass.R.Civ.P. Rule 54(b) [365 Mass. 821 (1974)] as to the rights of plaintiff and" MHFA.[2]  This motion was allowed by the judge who had allowed the motion to dismiss.  He thereafter approved a form of judgment which purports to dismiss the action as to MHFA and contains a statement that it is a "final judgment pursuant to Mass.R. Civ.P. 54(b)."[3]  The plaintiff has appealed from that judgment.

---

[1] The motion appears to have been framed under Mass.R.Civ.P. 12(b) (6), 365 Mass. 754 (1974), but was probably converted into a motion under Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974), by reason of the judge's consideration of affidavits which set up facts not appearing on the face of the substitute complaint.  See the fourth sentence of Mass.R.Civ.P. 12(b). Nothing in this case turns on which rule was operative in the circumstances.

[2] Massachusetts Rule of Civil Procedure 54(b), 365 Mass. 821 (1974), reads as follows: "Judgment Upon Multiple Claims or Involving Multiple Parties.  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3] We assume for the purpose of decision in this case that the recited actions of the judge complied with the mechanical requirements of rule 54(b).  But see *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 176-177 n.3 (1975); *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677-678 (1977). See also *Gumer* v. *Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir. 1974); *Allis-Chalmers Corp.* v. *Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

We are met at the outset by MHFA's contention that we should dismiss the appeal because the judge abused the discretion committed to him under the provisions of Mass.R. Civ.P. 54(b). That rule was taken verbatim from Fed.R. Civ.P. 54(b). It is clear under the latter rule that an abuse of discretion by a lower court in acting under rule 54(b) is reviewable by an appellate court. *Sears Roebuck & Co.* v. *Mackey,* 351 U.S. 427, 436, 437 (1956).[4] Accordingly, we entertain MHFA's contention.

There is nothing in the record in this case to suggest that any hardship or injustice will result if the plaintiff is required to try its case against the owner and the architect before securing appellate review of the order allowing MFHA's motion to dismiss. See *Gass* v. *National Container Corp.,* 271 F.2d 231, 233 (7th Cir. 1959); *Campbell* v. *Westmoreland Farm, Inc.,* 403 F.2d 939, 941 (2d Cir. 1968). Contrast *Gas-A-Car, Inc.* v. *American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir. 1973). Our resolving the questions sought to be raised by the appeal will not simplify, shorten or expedite the trial of any of the other claims still pending in the Superior Court. See *Panichella* v. *Pennsylvania R.R.,* 252 F.2d 452, 455 (3d Cir. 1958); *Campbell* v. *Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968); *Gumer* v. *Shearson, Hammill & Co.,* 516 F.2d 283, 286 (2d Cir. 1974); *Allis-Chalmers Corp.* v. *Philadel-*

---

[4] See also *Cold Metal Process Co.* v. *United Engr. & Foundry Co.,* 351 U.S. 445, 452 (1956); *Panichella* v. *Pennsylvania R.R.,* 252 F.2d 452, 453, 456 (3d Cir. 1958), *S.C.,* 268 F.2d 72 (1959), cert. denied, 361 U.S. 932 (1960); *Gass* v. *National Container Corp.,* 271 F.2d 231, 233 (7th Cir. 1959); *Columbia Broadcasting System, Inc.* v. *Amana Refrigeration, Inc.,* 271 F.2d 257, 258 (7th Cir. 1959), cert. denied, 362 U.S. 928 (1960); *Atkins, Kroll (Guam), Ltd.* v. *Cabrera,* 277 F.2d 922, 924 (9th Cir. 1960); *Zangardi* v. *Tobriner,* 330 F.2d 224, 225 (D.C. Cir. 1964); *Robbin* v. *American Univ.,* 330 F.2d 225, 226 (D.C. Cir. 1964); *Campbell* v. *Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968); *Gumer* v. *Shearson, Hammill & Co.,* 516 F.2d 283, 285-286 (2d Cir. 1974); *Allis-Chalmers Corp.* v. *Philadelphia Elec. Co.,* 521 F.2d 360, 362 (3d Cir. 1975). The case last cited contains an excellent discussion of the factors which should be considered by a judge in exercising his discretion under rule 54(b). See 521 F.2d at 364.

*phia Elec. Co.*, 521 F.2d 360, 364, 365, 367 (3d Cir. 1975); *United Bank of Pueblo* v. *Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976). As neither the owner nor the architect is a party to the appeal, neither would be bound by our resolution of those questions. See *Panichella, supra,* at 455. And, of course, those questions would all become moot if the jury should return verdicts for the owner. See *Panichella, supra* at 455; *Campbell, supra* at 943; *Allis-Chalmers, supra* at 364; 10 Wright & Miller, Federal Practice and Procedure § 2659 (1973); Smith & Zobel, Rules Practice § 54.6 (1977).

The judge did not follow the desirable practice of stating the reasons for his certification that there is no just reason for delay. See *Gumer, supra* at 286; *Allis-Chalmers, supra* at 364. We conclude that the certification was improvident (*Gumer, supra* at 285) and made for no better reason than the accommodation of counsel. See *Panichella, supra* at 455.

The appeal is dismissed; the judgment entered on March 14, 1979, is vacated, and the order allowing MHFA's motion to dismiss is to be restored to its interlocutory status under the second sentence of Mass.R. Civ.P. 54(b). *Panichella, supra* at 445-456. *Gass* v. *National Container Corp.*, 271 F.2d at 233-234.[5]

*So ordered.*

---

[5] None of the problems considered in this opinion was present in *Pearce, Mayer & Greer, Inc.* v. *Attoyac Properties, Inc.*, 6 Mass. App. Ct. 863 (1978). In that case the plaintiff's claim against the principal debtor had already been reduced to judgment in the plaintiff's favor prior to the dismissal of the plaintiff's claim against the alleged lender.