EVELYN CORNELL vs. FAIRHAVEN SAVINGS BANK.  September 11, 1980. The plaintiff appeals from the dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), of two of the three counts in her complaint against the defendant Fairhaven Savings Bank (bank).  The judge directed entry of final judgment as to those two claims, having made the express determination required by Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), that there is no just reason for delay, without objection by the parties.  Cf. *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250 (1980). We reverse.  This appeal presents the question of the legal sufficiency of the complaint as stating a claim under G. L. c. 93A, § 2(*a*) and (*c*), and under G. L. c. 186, § 14.  In appraising the sufficiency of the complaint, we follow the rule that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'  Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true."  *Nader* v. *Citron*, 372 Mass. 96, 97-98 (1977), quoting from *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).  The allegations of fact in the complaint and attachments, which we accept as true for the purposes of ruling on this dismissal, are as follows.  The bank was the mortgagee of the premises in which the plaintiff occupied, for residential purposes, a five-room apartment, and, for commercial purposes, a one-room storefront.  Utilities for both rental units were included in the rent.  On October 26, 1977, the defendant conducted a foreclosure sale of said premises which failed when the high bidder was unable to pay the purchase price.  Ultimately, the defendant readvertised the foreclosure and sold the property at public auction on January 17, 1978.  Prior to the initial sale on October 26, 1977, the plaintiff was given assurances by an officer of the defendant bank that there would be no interruption of electrical service.  On October 28, 1977, two days after the initial sale, electrical service to the premises was terminated.  Requests by the plaintiff to the bank, the high bidder and the utility company to restore electricity failed, and on November 7, 1977, the plaintiff moved from the premises. The plaintiff has also alleged in her complaint that the defendant was a "mortgagee in possession" of the premises at all times pertinent to this action.

1. The plaintiff has alleged facts sufficient to show that her electricity was furnished by the landlord under the terms of the rental agreement, and that the defendant became a mortgagee in possession of the premises. Whether the defendant's status as a mortgagee in possession, if that fact is proved, would subject it to all of the duties of a landlord (see 3 Powell, Real Property § 454, at 691 [1979]) is a question which should not be resolved on a record barren of findings of fact.  An appellate determination whether the defendant's actions may have violated G. L. c. 93A, § 2 (prohibiting unfair or deceptive trade practices; see 940 Code Mass.

Regs. § 3.17[6] [g] [1978], which defines as an unfair practice the failure of an owner to provide electric service to an occupant where the owner is obligated by law or by the terms of a tenancy agreement to do so, or exposing an occupant to the risk of loss of such service by failing to pay utility bills when due, as defined in the regulation; see also *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 764 [1980]), or whether the defendant may have violated G. L. c. 186, § 14 (which prohibits landlords from failing to furnish water, heat, light, power, gas, and other services, to any occupants, when required to do so by the terms of any contract, lease, or tenancy at will), should not be made until sufficient findings of fact are available concerning the defendant's actions.

2. Since the defendant concedes that all parties necessary under Mass.R.Civ.P. 19, 365 Mass. 765 (1974), have been joined, we need not address the issue regarding the plaintiff's failure to join another party.

The judgment is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Richard P. Desjardins* for the plaintiff.
*Richard P. Schaefer* for the defendant.