DOROTHY WEISMAN *vs.* ESTHER SAETZ & another. January 14, 1980. The defendant Saetz (seller) appeals from a judgment of the Superior Court which orders her to convey her real estate to the plaintiff buyer pursuant to a "proposal to purchase" signed by the buyer and to which the seller's daughter affixed her initials and the seller's signature. The judge found that the daughter had acted as the seller's agent in accepting the buyer's offer. Because no action has been taken on the severed cross claim filed against the seller by the defendant broker with whom the seller had been directly dealing, we dismiss the appeal. Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). Although the judge did state that "judgment is to hereby enter forthwith," he neither made an express reference to rule 54(b) nor did he make "an express determination that there [was] no just reason for delay" in entering judgment for the plaintiff. Rule 54(b). *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 677-678 (1977). We are unable to conclude that this determination is implicit in the order for the immediate entry of judgment because there is nothing in the record before us which pertains to the cross claim. Hence, this matter is not ripe for review.

Because of the particular circumstances of this case and for the reasons set out in *Levy* v. *Bendetson,* 6 Mass. App. Ct. 558, 561-562 (1978), we express our view that the findings made by the judge pursuant to Mass.R. Civ.P. 52(a), 365 Mass. 816 (1974), are insufficient and require supplementation prior to an appeal after entry of a judgment on the cross claim. This is especially so on the issue whether the seller's daughter had authority, actual, implied or apparent, to deal with the buyer and a prior broker in this real estate transaction. See, e.g., Restatement (Second) of Agency §§ 27, 37, 43, 52, 55 (1958).

*Appeal dismissed.*

*Frederick J. Conroy* (*Joseph P. Collins* with him) for Esther Saetz. *Robert S. Marcus* for the plaintiff.