DOROTHY WEISMAN vs. ESTHER SAETZ.

Norfolk. December 8, 1980. — February 25, 1981.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Agency,* What constitutes.

In an action seeking specific performance of an agreement to sell real es-
tate belonging to the defendant, there was insufficient evidence to
warrant the judge's finding that the defendant's daughter had either
express or implied authority to sign a binding real estate contract on
the defendant's behalf [441-442]; nor was the evidence sufficient to
warrant a finding that the plaintiff had relied on the daughter's ap-
parent authority to act for the defendant [442].

CIVIL ACTION commenced in the Superior Court on
April 20, 1978.

The case was heard by *Hayeck,* J., a District Court judge
sitting under statutory authority.

*Frederick J. Conroy* for the defendant.

*Robert S. Marcus* for the plaintiff.

HALE, C.J. The plaintiff by her complaint seeks specific
performance of an agreement to sell certain real estate be-
longing to the defendant which was signed by the defend-
ant's daughter, Debra Mann, but not by the defendant. An
earlier appeal to this court was dismissed because the deter-
mination required by Mass.R.Civ.P. 54(b), 365 Mass. 821
(1974), had not been made. *Weisman* v. *Saetz,* 9 Mass.
App. Ct. 829 (1980). We noted on that occasion the insuffi-
ciency of the judge's findings on "the issue whether the sell-
er's daughter had authority, actual, implied or apparent, to
deal with the buyer and a prior broker in this real estate
transaction." 9 Mass. App. Ct. at 829.

The record in this appeal contains the judge's supplemen-
tal findings, in which he purports to find that the daughter
was the "agent for the seller" and that the daughter signed

the acceptance of the plaintiff's offer to purchase in the defendant's behalf. The judge concluded (1) that "as a direct result of the continued course of conduct and dealing by the defendant, Esther Saetz, through her daughter, with the Fulton agency . . . the Fulton Agency was justified in relying upon the actual and/or implied authority of Debra Mann to act as agent for her mother . . . ." and (2) "that at the very least, Debra Mann had apparent authority to act for, and on behalf of, her mother . . . in accepting the offer submitted by the plaintiff Dorothy Weisman; which in turn the Fulton Agency and the various other proposed buyers, including the plaintiff, were justified in relying on . . . ."[1] The principal issue addressed in the briefs is that of agency.

A. *Express or implied authority.*

It is well settled that the existence of agency can be inferred from "a course of conduct showing that a principal has repeatedly acquiesced therein and adopted acts of the same kind." *LaBonte* v. *White Constr. Co.,* 363 Mass. 41, 45 (1973), quoting *Hurley* v. *Ornsteen,* 311 Mass. 477, 481 (1942). See Restatement (Second) of Agency § 7, Comment c, and § 43 (1958).

We have reviewed the record and have paid particular heed to the judge's reference to specific parts of the transcript and the exhibits. We conclude that the evidence was insufficient to support a finding that Debra Mann had either express or implied authority to sign a binding real estate contract in her mother's behalf. Express authority to list a property at a given price carries no implied authority to sign an agreement to sell at a lower price. *Espy* v. *Eells,* 349 Mass. 314, 317 (1965). The most that could be found here is that the daughter had authority to list the property (at a price which was $1,000 higher than that offered by the plaintiff) and otherwise was only a "runner" or "go between" with her authority limited to conveying offers to the defendant. See *Harrigan* v. *Dodge,* 216 Mass. 461, 463-464

---

[1] No formal purchase and sale agreement was ever executed, but no point has been raised here as to the sufficiency of the agreement sued on.

(1914); Restatement (Second) of Agency § 53, Comment b (1958). The prior instances of the defendant's acceptance of proposals to purchase "indicate, not an implied authority, but a realization that ratification was necessary to the validity of the acts." *Stoneman* v. *Fox Film Corp.*, 295 Mass. 419, 426 (1936).

B. *Apparent authority.*

In *Neilson* v. *Malcolm Kenneth Co.*, 303 Mass. 437, 441 (1939), the court, adopting the language of the American Law Institute's Restatement of the Law of Agency § 27,[2] defined apparent authority as that which discloses "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." A careful review of the record persuades us that there was no evidence that the plaintiff was aware of the defendant's daughter's activities in connection with previous efforts to sell the property to others and was thus in no position to invoke the doctrine of apparent authority. "Apparent authority exists only to the extent that it is reasonable for the third person dealing with the agent to believe that the agent is authorized. Further, the third person must believe the agent to be authorized." Restatement (Second) of Agency § 8, Comment c (1958). See *Braden* v. *Trustees of Phillips Academy*, 321 Mass. 53, 55-56 (1947). Contrast *Crane* v. *Park Constr. Co.*, 356 Mass. 13, 16-17 (1969).

C. *Estoppel to deny authority.*

The title to one part of the plaintiff's brief indicates that that part was intended as a discussion of the question whether the defendant should be estopped to deny Debra Mann's authority to act in the defendant's behalf. Except for a citation to and a short quotation from *Cellucci* v. *Sun Oil Co.*, 368 Mass. 811 (1975), no mention is made of estoppel in that portion of the argument. Only implied and ap-

---

[2] The same language appears in Restatement (Second) of Agency § 27 (1958).

parent authority are argued in it, and we have considered those arguments above. We do not regard the argument as requiring any discussion of estoppel, but we do note that the facts of the present case bear no resemblance to those in *Cellucci.* See *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 723-727 (1974).

Moreover, as we have stated above, there was no evidence that the plaintiff was aware of the defendant's daughter's previous activities relating to the property, and thus the plaintiff could not have relied on them to her detriment. See *Essex County Acceptance Corp.* v. *Pierce-Arrow Sales Co.*, 288 Mass. 270, 276-277 (1934); *Tull* v. *Mister Donut Dev. Corp.*, 7 Mass. App. Ct. 626, 631 (1979).

The judgment is reversed as to the defendant Saetz,[3] and a new judgment is to be entered dismissing the action.

*So ordered.*

---

[3] Diamond Realty Corp. was a defendant below, and the judgment dismissed the complaint as to it. A separate judgment was entered dismissing Diamond's counterclaim against the plaintiff. Neither the plaintiff nor Diamond appealed.