## GEORGE H. HARRIS & others vs. TOWN OF WAYLAND & others.[1]

Middlesex.   April 12, 1983. — September 1, 1983.

Present: GRANT, KAPLAN, & WARNER, JJ.

*Public Land.  Municipal Corporations,* Real property.  *Statute,* Construction.

Where land purchased by a town for school purposes had never been placed in the charge of the town's school committee, but had remained as part of the town's general corporate undeveloped property, conveyance of the land to a housing authority for the construction of low income housing was governed by the requirements of G. L. c. 40, § 3, rather than those of c. 40, § 15. [585-586]

A simple majority vote of a town meeting was sufficient to authorize the sale of municipal land pursuant to G. L. c. 40, § 3. [586]

CIVIL ACTION commenced in the Superior Court Department on December 7, 1981.

The case was heard by *Kelley,* J., on motions for summary judgment.

*James E. McGuire* for the plaintiffs.

*Kenneth J. Mickiewicz,* Town Counsel, for the town of Wayland & another.

*Andrew D. Epstein,* for Wayland Housing Authority, submitted a brief.

WARNER, J.   A special town meeting of the town of Wayland (town), called pursuant to a warrant concerning, among other matters, the disposition of certain town land (Orchard Lane) was held in November, 1981.  See G. L. c. 39, § 10.  Motion 1 under art. 6 of the warrant, which

---

[1] The board of selectmen of Wayland, the school committee of Wayland and the Wayland housing authority.

passed by a majority vote, authorized the Wayland board of selectmen (board) to sell and convey a portion of Orchard Lane to the Wayland housing authority (authority) for the purpose of constructing low income housing; the remaining portion was placed by a two-thirds vote in the charge of the Wayland conservation commission. See G. L. c. 40, § 8C.

The plaintiffs (all residents, property owners and town meeting members of the town who oppose low income housing on the site) brought this action in the Superior Court pursuant to G. L. c. 231A and c. 249, § 5. There was no dispute as to any material fact and, on cross motions for summary judgment,[2] judgments were entered for the defendants. Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

The plaintiffs argue that because the Wayland school committee (committee) was in charge of Orchard Lane, the sale of the property to the authority is governed by G. L. c. 40, § 15A, particularly the provision requiring a two-thirds majority vote before the charge of the land can be transferred.[3] The defendants counter that the committee was not in charge of the property and therefore the sale is governed by G. L. c. 40, § 3.[4]

---

[2] The authority filed a separate motion and the town, board and school committee joined in another. Prior to action on the motions counsel for the committee, who was also counsel for the town and board, was allowed to withdraw, and thereafter filed an amended answer for the town and board. The school committee apparently did not actively participate in the proceedings after withdrawal of counsel and did not file a brief in this court.

[3] The statute also provides that a town board having charge of land for a specific purpose must first determine that the land is no longer needed for such purpose before a transfer can take place. The committee formally declined to "release" Orchard Lane but stated that if the town meeting should vote to authorize transfer to the authority the committee would take whatever action was necessary to implement the transfer. Not only did the town meeting specifically vote to authorize the sale but on another warrant article it passed, by majority, a motion expressing "its desire" that the committee "release and relinquish" its interest in Orchard Lane.

[4] The defendants also say that § 15A does not apply because a sale is involved and not a transfer and, alternatively, that the authority is not a town board. See G. L. c. 121B; *Johnson-Foster Co.* v. *D'Amore Constr.*

1. General Laws c. 40, § 15A, does not apply for the reason that Orchard Lane was not in the charge of the committee. In 1956 the town purchased Orchard Lane for school purposes pursuant to a town meeting vote authorizing the selectmen to enter into the transaction, and the land has remained as part of the town's general corporate undeveloped property. The 1956 vote did not expressly or by implication place the committee in charge of Orchard Lane. Since 1956, and until the 1981 vote which is the subject of this appeal, Orchard Lane has not been the subject of a town meeting warrant article nor has it "by law" been placed in the charge of the committee or of any other board. Orchard Lane has, therefore, from the date of its purchase, been under the control of the board (G. L. c. 40, § 3)[5], and the sale and "[c]onveyance of the land by the [town] is thus governed by the general provisions regulating the power to hold . . . and convey property found in G. L. c. 40, § 3. . . ." *Muir* v. *Leominster*, 2 Mass. App. Ct. 587, 592 (1974). Compare *Bouchard* v. *Haverhill*, 342 Mass. 1 (1961).

2. General Laws c. 40, § 3, provides, in pertinent part, that "[a] town may hold real estate for the public use of the inhabitants and may convey the same by a deed of its selectmen thereto duly authorized. . . ." There is, in this section, no express requirement that the authorization to convey be by two-thirds vote, and we see no reason to infer that the Legislature intended that such a vote is necessary. "Elementary rules of statutory construction require that each statute be interpreted as enacted. . . . When the statutory language is plain, the words must receive their 'usual and natural' meaning. Statutory language should

---

*Co.*, 314 Mass. 416, 419 (1943). In view of our disposition of the case we do not reach these questions but note that the arguments of the defendants are persuasive.

[5] Section 3 provides in relevant part: "All real estate or personal property of the town, not by law or by vote of the town placed in the charge of any particular board, officer or department, shall be under the control of the selectmen. . ." (with exceptions not here relevant).

constitute the principal source of insight into legislative purpose." *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974) (citations omitted). The Legislature has imposed a two-thirds vote requirement in other situations involving the acquisition and disposition of real estate by a town (see G. L. c. 40, §§ 14, 15, 15A) and we think the absence of any such requirement in G. L. c. 40, § 3, is a persuasive indication of legislative intent. See *Iannelle* v. *Fire Commr. of Boston,* 331 Mass. 250-253 (1954); *Beeler* v. *Downey,* 387 Mass. 609, 616 (1982); *First Natl. Bank* v. *Judge Baker Guidance Center,* 13 Mass. App. Ct. 144, 153 (1982).

It is well established in municipal common law that "in the absence of a contrary statutory provision, a majority of a quorum constituted of a simple majority of a collective body is empowered to act for the body." *District Attorney for the Northwestern Dist.* v. *Selectmen of Sunderland,* 11 Mass. App. Ct. 663, 665 (1981), quoting from *FTC* v. *Flotill Prod., Inc.,* 389 U.S. 179, 183 (1967). See *Clark* v. *City Council of Waltham,* 328 Mass. 40, 41 (1951), and cases cited; 4 McQuillin, Municipal Corporations §§ 13.27, 13.31b (3d rev. ed. 1979). See also Johnson, Trustman & Wadsworth, Town Meeting Time, at 149-151 (1962). The plaintiffs' argument, not unequivocally supported by the record, that the practice has for many years been to require a two-thirds town meeting vote to authorize the conveyance of land is to no avail. The question of the quantum of vote required is one of substantive law and not of practice. *Blomquist* v. *Arlington,* 338 Mass. 594, 598-599 (1959).

3. There is no merit in the plaintiffs' argument that the vote authorizing the sale violates the town's zoning by-law. In view of our disposition of this case it is unnecessary to consider the plaintiffs' contention that a majority vote on a motion on another warrant article, authorizing the board to petition the Legislature for special legislation to authorize the sale, was invalid.

4. In entering summary judgments the judge simply dismissed the complaint without declaring the rights of the parties. "[W]e emphasize that when an action for declara-

tory relief is properly brought, even if relief is denied on the merits, there must be a declaration of the rights of the parties." *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977), and cases cited. Further, only one judgment should have been entered. Accordingly, we order that the judgments be vacated and that a new judgment be entered declaring valid the majority vote of the special town meeting on November 23, 1981, on motion 1 under art. 6 of the warrant, authorizing the board to sell a portion of Orchard Lane to the authority for the purpose of constructing low income housing.

*So ordered.*