JOHNSON CONTROLS, INC. *vs.* SCHOOL COMMITTEE OF BOSTON. April 9, 1984. *Contract,* Public works, Bidding for contract, Subcontract. *Public Works.*

The plaintiff (Johnson) was the successful general bidder for a contract with the defendant (committee) for preventive maintenance of mechanical equipment.

In its general bid, Johnson had included its own subbid for temperature control work. See G. L. c. 149, § 44J, as appearing in St. 1956, c. 679, § 1.[1] Johnson was the low general bidder. Following the opening of the general bids, a committee representative conferred with Johnson and proposed the substitution of a lower subbid for temperature control work submitted by Barber-Colman Company (not a party to this action). See G. L. c. 149, § 44I(2), as amended through St. 1967, c. 884. Johnson objected to the substitution, but did not base its objection on a lack of standing or ability on the part of Barber-Colman. The parties stipulated that both Johnson and Barber-Colman were "competent, responsible and eligible" subbidders. After the committee insisted on the substitution, Johnson entered into a general contract subject to its protest of the substitution. The general contract price was $42,629 lower than the general bid, reflecting the savings to the committee in substituting the lower subbid. Johnson sought declaratory relief and damages in the amount of the reduction in the contract price. On the basis of the parties' stipulation of facts and exhibits, the committee's motion for summary judgment was allowed, and judgment entered dismissing the action.

1. Johnson first argues that the committee may not reject Johnson's subbid under § 44I(2), except on the ground of incompetence. Johnson cites portions of *Rudolph* v. *City Manager of Cambridge*, 341 Mass. 31, 35-38 (1960), in support. The holding in *Rudolph*, however, was simply that a *higher* available subbid may be substituted only if the lower subbidder is rejected for lack of competence. *Id.* at 35. The committee could nevertheless reject Johnson's subbid in favor of the *lower* subbid of Barber-Colman (to whose standing and ability Johnson had no objection). "Section 44I(2) . . . stands as consistent with the other express provisions of the statute and with the strongly implied policy of the statute to allow rejection of subbids of competent acceptable and available subbidders if they are not the lowest such bids." *Id.* at 38.

2. Johnson next contends that the committee may not substitute subbids without Johnson's agreement. Johnson points to the provisions of § 44I(2) which state that the awarding authority and the selected bidder shall "jointly consider all filed sub-bids," and make substitutions by "agreement." But these provisions do not grant the general bidder a veto power. It is settled that a general bidder may reject a substitution of a subbidder only if the general bidder has valid objections to the standing and ability of the substituted subbidder. *Roblin Hope Indus., Inc.* v. *J.A. Sullivan Corp.*, 6 Mass. App. Ct. 481, 488-489 (1978). See *Rudolph, supra* at 36-38. *Roblin Hope Indus.* makes clear that §§ 44F and 44I(2) must be read together. Since Johnson had no objection to the standing and ability of Barber-Colman, it had no valid objection to the substitution.

3. Finally, Johnson argues that the committee was bound to accept Johnson's subbid because Johnson was required by § 44J to include it in its general bid. Assuming, without deciding, that Johnson was required by § 44J to carry its

---

[1] The bidding and award of contract occurred prior to July 1, 1981, and were thus not subject to the amendments of G. L. c. 149 made by St. 1980, c. 579, § 55.

own subbid, that subbid is not entitled to preferential treatment. Johnson's argument is fully met by the provisions of § 44J: "A sub-bid . . . submitted by the general bidder selected as the lowest responsible and eligible general bidder shall be considered *on a par* with sub-bids filed with the awarding authority by sub-bidders who customarily perform such sub-trade" (emphasis supplied).

4. In entering summary judgment for the committee the judge simply dismissed the action without declaring the rights of the parties. "[W]e emphasize that when an action for declaratory relief is properly brought, even if relief is denied on the merits, there must be a declaration of the rights of the parties." *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). *Harris* v. *Wayland*, 16 Mass. App. Ct. 583, 587 (1983). Accordingly, we order that the judgment be vacated and that a declaratory judgment be entered consistent with this opinion.

*So ordered.*

*Evan T. Lawson* (*Lena M. Wong* with him) for the plaintiff.
*Michael J. Betcher*, Special Assistant Corporation Counsel, for the defendant.