DANIEL S. BRAGDON & another vs. BRADFORD O. EMERSON, INC., & others.

Middlesex.   January 17, 1985. — March 1, 1985.

Present: ARMSTRONG, BROWN, & PERRETTA, JJ.

*Practice, Civil,* Judgment, Appeal.

A judgment for several defendants in a civil action was not an appealable final judgment within the meaning of Mass.R.Civ.P. 54(b) where at the time that judgment was entered a claim against one other defendant had not been disposed of and where the judge had not made an express determination that there was no just reason for delay in entering judgment for the several defendants. [421-423]

CIVIL ACTION commenced in the Superior Court on March 1, 1978.

A motion to compel docketing of a notice of appeal was heard by *Thomas R. Morse, Jr.,* J.

*William R. Sullivan* for the plaintiffs.

BROWN, J. This appeal raises a question regarding the operation and effect of Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

The plaintiffs here seek damages on various theories from various defendants on account of serious defects in a house purchased by them. Their complaint, in twelve counts, was filed in the Superior Court in March, 1978. One of the defendants, Aldicor Construction Corp. (Aldicor), which had built the house and appears to have been an important player in this drama, never appeared and was defaulted in January, 1980. There was no assessment of damages as to Aldicor at that time. The case thereafter went to trial as to the remaining defendants, with the result that a "judgment" for those defendants was entered by a judge of the Superior Court in October, 1980. The plaintiffs filed a timely motion for a new trial which

the docket reflects was not acted upon until December, 1982, when it was denied.[1]

Meanwhile, the plaintiffs evidently decided to cut their losses by perfecting their rights against the defaulted defendant Aldicor, and filed a motion in November, 1980, for an assessment of damages against it. See Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974). In December, 1982, the trial judge entered a "judgment upon assessment of damages" against Aldicor. The plaintiffs filed what appears to have been a timely motion to amend that judgment so as to obtain multiple damages and attorney's fees under G. L. c. 93A, and an "amended judgment upon assessment of damages" was entered by the same judge on March 8, 1983.[2]

On April 6, 1983, the plaintiffs attempted to file a notice of appeal, in which they made reference only to the "judgment" which had been entered against them on October 29, 1980, on their claims against the defendants other than Aldicor. The clerk apparently refused to docket the notice of appeal, presumably because he thought that any appeal from the 1980 "judgment" was untimely. The plaintiffs moved to compel the clerk to docket their appeal. The motion was denied by the same judge without any statement of reasons, and the plaintiffs now appeal from that order.

Correctly observing that the 1980 "judgment" was not entered pursuant to Mass.R.Civ.P. 54(b), the plaintiffs argue that this prevented the case from going to judgment within the meaning of that rule until the claim against Aldicor had been disposed of fully in March, 1983. We agree. See *Caldwell* v. *Collier,* 5 Mass. App. Ct. 903 (1977).

Rule 54(b) is quite explicit as to the entry of a judgment in matters involving multiple parties and multiple claims. Any

[1] See Mass.R.A.P. 4(a)(4), as appearing in 378 Mass. 929 (1979), tolling the running of the time for filing a notice of appeal until the entry of an order denying a motion for a new trial under Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974).

[2] See Mass.R.A.P. 4(a)(3), as appearing in 378 Mass. 929 (1979), tolling the running of the time for filing a notice of appeal until the entry of an order granting or denying a motion under Mass.R.Civ.P. 59(e) to alter or amend the judgment. 365 Mass. 828 (1974).

form of decision which adjudicates the claims of fewer than all the parties "*shall not* terminate the action as to any of the claims or parties" (emphasis supplied). Rule 54(b). In the absence of an express determination that there is no reason to delay (appropriately made with findings supporting that determination) and an express direction that judgment be entered, "when there is an adjudication of the claims of fewer than all the parties, no judgment has yet been entered from which an appeal can be taken." *E.W. Foster Co.* v. *McLaughlin,* 7 Mass. App. Ct. 865, 865-866 (1979), and cases cited. In 1977, the Supreme Judicial Court stated that "[i]n the future we think that the purpose of the rule, which is aimed inter alia at informing the parties of the time at which they may properly seek appellate review [citation omitted], requires that this determination appear on the record . . . ." *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 677-678 (1977). The record is barren in this regard. The judge neither made an express reference to the rule, nor did he make the express determination required by the rule. See *Weisman* v. *Saetz,* 9 Mass. App. Ct. 829 (1980). He certainly never made the findings which various appellate opinions have stated should be made. See, e.g., *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.,* 9 Mass. App. Ct. 250, 253 (1980), and cases cited.

We think that this is a case in which neither party was led to believe that the matter had been concluded. The plaintiffs had filed a motion for a new trial which was pending. In light of the judge's failure to act on that motion, we are hard pressed to discern what right, if any, the defendants had to expect that the plaintiffs' action had been terminated. Moreover, the defendants have not made it appear that the delay has prejudiced them in any way. Compare *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.,* 9 Mass. App. Ct. at 252-253.

The "judgment" entered October 29, 1980, was not an appealable judgment within the meaning of rule 54(b). See *Caldwell* v. *Collier, supra.* Absent a certificate conforming to the requirements of rule 54(b), that judgment was not a final judgment, but merely an order, interlocutory in nature, "subject to revision at any time by the trial court prior to the entry of a judg-

ment disposing of all claims against all the parties to the action." *Acme Engr. & Mfg. Corp.* v. *Airadyne Co.,* 9 Mass. App. Ct. 762, 764 (1980). Neither the determination nor the direction required by the rule is present here, and, in the circumstances of this case, we are unable to infer that either one is implicit in the initial "judgment" entered in October, 1980. See and compare *Weisman* v. *Saetz, supra.* Contrast *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. at 677. As no judgment had been entered from which an appeal could have been taken at that time, it was error for the judge of the Superior Court to refuse to compel the clerk to docket the plaintiffs' notice of appeal. The case is remanded to the Superior Court for proceedings consistent with this opinion.[3]

*So ordered.*

---

[3] Doubtless the plaintiffs' difficulties in docketing their notice of appeal would not have arisen but for the premature (and equally erroneous) entry of a "judgment" in 1980, before their claims against Aldicor had been finally resolved. The entry of that "judgment" is illustrative of an unfortunate practice, observed by us in many cases, whereby multiple "judgments" are entered in a single case involving multiple claims or multiple parties. It is implicit in rule 54(a), 365 Mass. 820 (1974), that all such claims should be finally disposed of in a single document, for nothing short of such a document satisfies the definition of the term "judgment" in that rule. In the past we have not insisted upon strict compliance with that aspect of the rule as a precondition to the prosecution of an appeal, and have treated such piecemeal "judgments" collectively as if they were one. See *Harris* v. *Wayland,* 16 Mass. App. Ct. 583, 587 (1983). In the future, however, absent such special circumstances as a certification under rule 54(b), the term "judgment" should be reserved by the trial court for a single document finally disposing of all claims and such a judgment is to be entered in all cases which come within that rule.