James P.T. SULLIVAN, Elaine D. Sullivan,

v.

BANKHEAD ENTERPRISES, INC., Anchor Motor Freight, Inc.

Civ. A. No. 84–1186–N.

United States District Court, D. Massachusetts.

Dec. 2, 1985.

John J. St. Andre, Jr., St. Andre, Perkins & Smith, Framingham, Mass., for plaintiffs.

John D. Cassidy, Boston, Mass., for Bankhead Enterprises.

William J. Dailey, Jr., Sloane and Walsh, Boston, Mass., for Anchor Motor Freight.

Robert A. Curley, Jr., Curley & Curley, Boston, Mass., for Bankhead.

MEMORANDUM AND ORDER ON MOTION FOR APPROVAL OF STIPULATION OF DISMISSAL AND FOR ORDER OF DISMISSAL AND FOR ENTRY OF SEPARATE JUDGMENT OF DISMISSAL (# 107, filed 10/30/85)

COLLINGS, United States Magistrate.

The plaintiff James P.T. Sullivan was injured while employed by the defendant, Anchor Motor Freight, Inc., as a driver of a truck manufactured by the defendant, Bankhead Enterprises, Inc. As a result of his injuries, which occurred in Augusta, Maine on May 4, 1983, the plaintiff James P.T. Sullivan has been rendered a quadriplegic. The defendant Elaine D. Sullivan is James P.T. Sullivan's wife.

The plaintiff James P.T. Sullivan filed suit against the defendant Bankhead. The plaintiff Elaine D. Sullivan filed suit against both Bankhead and Anchor seeking compensation for loss of consortium. Anchor and Bankhead have filed cross-claims against each other for indemnity and contribution.

Counsel for the plaintiffs and counsel for Bankhead have reached a settlement of all of the plaintiffs' claims against Bankhead. In accordance with the terms of the settlement, Bankhead filed its Motion For Approval Of Stipulation Of Dismissal And For Order Of Dismissal And For Entry Of Separate Judgment Of Dismissal (# 107). The plaintiffs do not oppose Bankhead's motion; the defendant Anchor does oppose the motion.

Counsel have consented, pursuant to 28 U.S.C., § 636(c) to have the motion determined by the undersigned, and on November 27, 1985, the District Judge to whom this case is assigned referred the motion to the undersigned for decision pursuant to the consent of the parties.

It is to be noted that the defendant Anchor opposes the motion only if Massachusetts law is found to govern Anchor's claim of contribution against Bankhead. Anchor has moved to dismiss plaintiff Elaine D. Sullivan's claims for loss of consortium on the grounds that the plaintiff James P.T.

Sullivan elected to obtain workmen's compensation benefits under Maine's workmen's compensation statute and, since there is no claim for loss of consortium under Maine law if workmen's compensation benefits are paid, plaintiff Elaine D. Sullivan does not state a claim against Anchor upon which relief can be granted in this case. It is further noted that Anchor does not oppose the motion even if Massachusetts law applies to the loss of consortium claim if the Maine statute on comparative negligence applies rather than the Massachusetts statute on contribution.

While deciding the motion to dismiss the consortium claim or deciding whether the Maine statute on comparative negligence applies to the consortium claim may well eliminate Anchor's opposition to Bankhead's motion, I have determined to decide the question under the Massachusetts statute governing contribution rather than try to determine the choice of law questions. The reason for my decision is that counsel for the plaintiffs and counsel for Bankhead have represented that a decision on the question of the settlement must be made with some dispatch due to financial constraints upon the plaintiffs and the manner in which the defendant Bankhead has chosen to fund the settlement.

█ In a nutshell, Anchor's opposition to Bankhead's motion is that under Massachusetts law, joint tortfeasors are jointly and severally liable. Counsel for Anchor argues that that portion of the settlement ($175,000) which has been apportioned to Elaine D. Sullivan's claim for loss of consortium is unreasonably low in the face of Elaine D. Sullivan's current settlement demand to Anchor which is represented to be $1,000,000. In short, Anchor fears that if the settlement is approved and Elaine D. Sullivan obtains a verdict awarding her $1,000,000 for her claim, Anchor would have to pay $825,000 of the claim while Bankhead would have paid only $175,000.

Whatever Anchor's fears may be, the real issue at this point in the litigation is what effect an order of dismissal of plaintiffs' claims against Bankhead and the entry of judgment thereon pursuant to the settlement will have upon Anchor's cross-claim against Bankhead for indemnity and contribution.

The Massachusetts statute defining the right of contribution is found at M.G.L.A. Chapter 231B § 4 and reads as follows:

When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury:

(a) It shall not discharge any of the other tortfeasors for liability from the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the contribution paid for it, whichever is greater; and

(b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

The purpose of the statute was to remedy "... the unfairness of allowing a disproportionate share of the plaintiff's recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury." *Hayon v. Coca-Cola Bottling Co. of New England,* 375 Mass. 644, 648, 378 N.E.2d 442, 445 (1978). However, the Supreme Judicial Court has also written of the undesirable effect a right of contribution has with respect to settlements and the remedy which was adopted to deal with the problem. In *Bishop v. Klein,* 380 Mass. 285, 402 N.E.2d 1365 (1980), the Supreme Judicial Court wrote:

One problem with recognizing this right of contribution among joint tortfeasors, however, was that it discouraged settlements. The National Conference of Commissioners on Uniform State Laws, which together with the American Law Institute drafted the Uniform Contribution Among Joint Tortfeasors Act after which G.L. c. 231B was modeled, stated the problem and solution as follows: "No defendant wants to settle when he remains open to contribution in

an uncertain amount, to be determined on the basis of a judgment against another in a suit to which he will not be a party ... Accordingly [§ 4(b)] provides that the release in good faith discharges the tortfeasor outright from all liability for contribution." 12 Uniform Laws Annot., § 4 at 99–100 (Master ed. 1975). We conclude then that G.L. c. 231B, § 4(b) was drafted to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on collateral rights and liabilities in future litigation.

*Id.* 380 Mass. at 294, 402 N.E.2d at 1371–2.

Thus, under Massachusetts law, at any time prior to a judgment, a plaintiff can settle with one or more joint tortfeasors for less than the amount of claim and, provided that the settlement is in good faith, the settlement discharges the settling tortfeasor or tortfeasors from any liability from the other joint tortfeasors who have not settled. *Id.* It follows that in the instant case, if the settlement between the plaintiffs and Bankhead was in good faith, Bankhead will be discharged from liability on Anchor's cross-claim seeking contribution, even though Anchor's liability, if plaintiff Elaine D. Sullivan is successful, may be $825,000 as compared to Bankhead's $175,000.

This being the case, I can see absolutely no basis upon which an order of and the entry of separate judgment as to the plaintiffs' claims against Bankhead will have any effect whatsoever upon whether or not Anchor will be able to maintain its cross-claim for contribution against Bankhead. Certainly, the approval of the stipulation and the entry of separate judgment does not in any way extinguish the cross-claim, and Bankhead will remain in the case as a cross-claim defendant after dismissal of plaintiffs' claims against it and/or the entry of separate judgment. Whether or not Anchor will prevail on the cross-claim will depend upon whether or not the Court finds that the settlement between the plaintiffs and Bankhead was entered into in good faith. And if the Court finds that the settlement was not entered into in good faith, Anchor's cross-claim for contribution against Bankhead will be totally unaffected by the fact that there has been a dismissal of the plaintiffs' claims against Bankhead and the entry of separate judgment as between the plaintiffs and the defendant Bankhead. I find nothing to the contrary in the two cases cited by Anchor, i.e. *J.B.L. Construction Co., Inc. v. Lincoln Homes Corp.,* 9 Mass.App. 250, 400 N.E.2d 871 (1980); *Bragdon v. Bradford O. Emerson, Inc.,* 19 Mass.App. 420, 475 N.E.2d 76 (1985).

However, it does not follow from these conclusions that the Court should enter separate judgment as to the plaintiffs' claims as against Bankhead. Rule 54(b), F.R.Civ.P., was enacted so as to allow a District Court to enter final judgment "as to one or more but fewer than all of the claims" so as to allow an immediate appeal from that judgment in situations where, otherwise, a party would have to await a final judgment adjudicating all claims between all the parties in an action, and, because of such delay and the inability to appeal, the party would suffer a hardship. Although the Supreme Court has indicated that separate judgments under Rule 54(b), F.R.Civ.P., may be issued in other than the "infrequent harsh case", it has also held that Rule 54(b) requests are not to be granted routinely. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980). At least some showing is required that there is "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2 Cir., 1968).

In the instant case, Bankhead has failed to make any showing that a separate judgment should enter so that it can avoid "hardship" or "injustice" by seeking an immediate appeal from the judgment. In fact, since Bankhead has settled the plaintiffs' claims against it presumably on terms satisfactory to it, there is absolutely no reason why any appeal, much less an immediate one, is even contemplated.

Accordingly, the Court will not enter a separate judgment on the plaintiffs' claims against Bankhead pursuant to Rule 54(b), F.R.Civ.P.

■ The next question is whether the Court should take any action pursuant to Rule 41, F.R.Civ.P., as a result of the settlement of the plaintiffs' claims against Bankhead. Rule 41(a)(1), F.R.Civ.P., is inapplicable by its terms. The first portion of Rule 41(a)(1), i.e. Rule 41(a)(1)(i), F.R.Civ.P., is inapplicable because the adverse party has filed an answer. The second portion of Rule 41(a)(1), i.e. Rule 41(a)(1)(ii), F.R.Civ.P., is inapplicable because the stipulation of dismissal is not filed by *"all parties who have appeared in the action"* (emphasis supplied) but only by the attorneys for the plaintiffs and the defendant Bankhead.

Rule 41(a)(2), provides:

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independant adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

It has been held that despite the use of the word "action" in the above-quoted portion of Rule 41(a)(2), F.R.Civ.P., rather than the word "claims" (which make up an action) as used in Rule 41(b), F.R.Civ.P., a court has the power under Rule 41(a)(2), F.R.Civ.P., to dismiss the action as to less than all of the defendants upon motion. *Plain Growers, Inc., Fl. M. I. Co. v. Ickes-Braun Glass., Inc.,* 474 F.2d 250, 254 (5 Cir., 1973). And a case decided in this district has construed the word "action" in Rule 41(a)(1), F.R.Civ.P., to mean "all of the claims against any one defendant, and not necessarily all of the claims against all of the defendants." *Terry v. Pearlman,* 42 F.R.D. 335, 337 (D.Mass., 1967). There is no reason to suppose that the definition of "action" in Rule 41(a)(2), F.R.Civ.P., is any different from the word "action" in Rule 41(a)(1), F.R.Civ.P. Even if the word "action" in Rule 41(a)(2), F.R.Civ.P., was construed to allow dismissal only as to the entire case, it has been held that the Court has inherent power to dismiss a case as to less than all of the defendants. *Broadway & Ninety-Sixth St. Rlty. Corp. v. Loews, Inc.,* 23 F.R.D. 9, 11 (S.D.N.Y., 1958). In that case, the Court spoke specifically of the situation wherein a defendant who had filed a cross-claim for contribution against another defendant who had settled the plaintiffs' claims against it objected to a dismissal of the plaintiffs' claims against the settling defendant and held that:

Even if the objecting defendants had already served a cross-claim for contribution on the moving defendants, the moving defendants would have been entitled to have the plaintiffs' complaint against them dismissed and they would remain in the case only as third-party defendants opposing the objecting defendants' cross claim.

*Id.* at 12.

Accordingly, I rule that a court has the power under Rule 41(a)(2), F.R.Civ.P., to dismiss the plaintiffs' claims against Bankhead in this case. In such a situation, Bankhead would remain in the case as a cross-claim defendant on Anchor's claims against it for contribution. The question is whether I should exercise that power.

The First Circuit has held that "... the intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1 Cir., 1961) (citations omitted); *cert. denied* 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961). As discussed *supra,* I can see no basis upon which the dismissal of plaintiffs' claims against Bankhead will unfairly affect Anchor, since Bankhead will remain in the case as a cross-claim defendant on Anchor's claim for contribution and

that claim will stand or fall on whether the settlement between the plaintiffs and Bankhead was entered into in good faith, an issue completely independent of the status of the plaintiffs' claims against Bankhead.

Thus, it is ORDERED that the Motion For Approval Of Stipulation Of Dismissal And For Order Of Dismissal And For Entry Of Separate Judgment Of Dismissal (# 107) be, and the same hereby is, ALLOWED to the extent that the Court, pursuant to Rule 41(a)(2), F.R.Civ.P., will dismiss plaintiffs' claims against Bankhead. In accordance with said allowance, it is ORDERED that the plaintiffs' claims against the defendant Bankhead Enterprises, Inc. be, and the same hereby are, DISMISSED. To the extent that the Motion For Approval Of Stipulation Of Dismissal And For Order Of Dismissal And For Entry Of Separate Judgment Of Dismissal (# 107) seeks the entry of a separate judgment pursuant to Rule 54(b), F.R.Civ.P., it is ORDERED that the motion be, and the same hereby is, DENIED. As noted *supra*, Bankhead Enterprises, Inc. remains in the case as a cross-claim defendant.