MANUEL DEMELLO *vs.* BOARD OF APPEALS OF ACUSHNET. March 11, 1986. *Mobile Home. Zoning,* Mobile home.

DeMello owns a single-family house which is located on a 17,000 square foot lot in Acushnet. He desired to place a sixty-five to seventy-foot long mobile home on that lot to serve as a residence for his son, his daughter-in-law, and their child. Denied a permit to do so by the building inspector, he sought relief from the board of appeals, which also refused to grant a permit. After that decision DeMello filed an action which sought judicial review under G. L. c. 40A, § 17 (so the complaint may be read), and a declaratory judgment under G. L. c. 231A. Cf. *Clark & Clark Hotel Corp.* v. *Building Inspector of Falmouth,* 20 Mass. App. Ct. 206 (1985).

At trial the plaintiff pitched his case principally on the proposition that he was entitled to a constructive grant of a "location permit" because the board had failed to file a written decision with the town clerk within fourteen days of the date on which the board had acted on his application for relief.

See G. L. c. 40A, § 15. The board's minutes reflect that it acted on that application immediately after hearing it and at that time announced the decision to the plaintiff. There was no lack of actual notice to the plaintiff of how the board had acted on his case. The trial judge ruled in the board's favor, filing a memorandum of decision that considered only the question whether a constructive grant had occurred. Subsequent to trial, which took place November 19, 1984, arguments along the lines urged by the plaintiff were rejected in *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,* 394 Mass. 663, 665-667 (1985), and *O'Kane* v. *Board of Appeals of Hingham,* 20 Mass. App. Ct. 162, 163-165 (1985). That is conceded in the plaintiff's brief.

The plaintiff's alternate theory (put forth sotto voce in the trial court) is that there is no provision in the zoning regulations of Acushnet which prohibits placement of a mobile home on a lot with a single-family residence. Such a construction of the Acushnet "Protective By-Law" is not impossible, but it would be tortured and wrong.

Section 4.1 of the by-law limits the use of a lot to one single-family dwelling. Under § 3.2 the minimum size of a residence lot is 30,000 square feet. The plaintiff's undersized lot of 17,000 square feet enjoys nonconforming use status. A dwelling is defined in § 2.11 as "[a] free standing building, exclusively for residential use." As there is already one single-family dwelling on the plaintiff's lot, the plaintiff has the heroic burden of making a case that a mobile home placed — as the plaintiff intended — on a brick foundation and used as a residence is not a "building" within the meaning of the by-law. Yet the by-law, in § 2.8, defines a "building" as "any three-dimensional enclosure by any building materials of any space for any use or occupancy, temporary or permanent and shall include foundations in the ground."

What the plaintiff relies on is § 3.4, which provides that "[n]ot more than one mobile home or travel trailer may be kept on any lot." If we understand the plaintiff, he reasons that there is a failure of coverage in the by-law. The by-law legislates that there shall be only one single-family dwelling on a lot and that there shall be only one mobile home per lot, but the by-law does not expressly say there shall be only one of each. As a mobile home is, by definition in the by-law, "a one family dwelling unit," the plaintiff's reasoning leads to an absurd result, viz., a lot owner could have on his lot no more than one single-family house or no more than one mobile home which serves as a single-family residence, but could have two dwelling units if there were one of each kind. In construing statutes (and, a fortiori, by-laws) we do not abandon reason and common sense. *van Dresser* v. *Firlings,* 305 Mass. 51, 53-54 (1940). 2A Sands, Sutherland Statutory Construction § 45.12 (4th ed. 1984). Viewing the by-law as a whole, see *Wing Memorial Hosp.* v. *Department of Pub. Health,* 10 Mass. App. Ct. 593, 594 (1980), we entertain no doubt that its design is to establish a limit of one dwelling per lot. The status in Acushnet of mobile homes as dwellings

is discussed in *Ellis* v. *Assessors of Acushnet,* 358 Mass. 473, 475-477 (1970). The same view need not apply to travel trailers, which § 3.4 also limits to one per lot. Section 2.13 of the by-law defines a travel trailer as a "vehicular, portable structure built on a chassis and designed to be used for temporary occupancy for travel, recreational or vacation use." It is entirely consistent with the one residence per lot design of the by-law that the owner of a residence could also park on his lot a purely recreational vehicle.

The judgment is correct as to substance, but errant in form: it "denies" the complaint for declaratory judgment and "affirms" the board's decision. The judgment is to be modified to read: As to the appeal from the board's denial of a variance, the board's decision was not in excess of its authority. As to the complaint for declaratory judgment, a judgment is to be entered that the Protective By-Law of Acushnet prohibits placing a mobile home on the plaintiff's lot.[1]

*So ordered.*

*Bettina Borders* for the plaintiff.
*Ferdinand B. Sowa* for the defendant.

---

[1] When an action for declaratory relief is properly brought, even if relief is denied on the merits, there must be a declaration of the rights of the parties. *Johnson Controls, Inc.* v. *School Comm. of Boston,* 17 Mass. App. Ct. 1039, 1041 (1984), and cases cited.