Bernstein, J.
This is a Dist./Mun. Cts. R A D. A, Rule 8C, appeal by the defendant of a denial of his motion to dismiss this action for breach of contract.
Plaintiff, New England Telephone Company (hereinafter “plaintiff’), brought this action on behalf of Nynex Information Resources Company (hereinafter “Nynex”), against defendant for his failure to pay in full for advertising in the 1990 Boston Yellow Pages. At the close of plaintiff’s evidence, defendant sought to dismiss the complaint pursuant to M. R. C. R, Rule 41(b)(2), arguing that plaintiff cannot rightfully prosecute a breach of contract claim against defendant on behalf of Nynex. The trial judge denied the motion, and judgment in the amount of $6,136.20 entered for plaintiff. Defendant filed a timely notice of appeal.
Defendant asserts that plaintiff was the improper party to bring the claim because it had, in fact, not contracted with defendant, and, therefore had no standing to sue on behalf of Nynex. He cites the following facts to support his view: he contracted with Nynex in 1989 to publish an advertisement in the 1990 Yellow Pages; a written con *297 tract (“the contract”) was executed on March 9,1989 between defendant and Nynex; an advertisement was published in the 1990 Boston Yellow Pages; the contract does not contain an explicit provision giving plaintiff a right to sue the defendant; there was no explicit assignment by Nynex to plaintiff contained in the contract
Each of these facts are successfully rebutted by plaintiff. Although Nynex and plaintiff each maintain a separate corporate identity, plaintiff presented evidence at trial of an agency relationship between the two entities. In denying the motion, the court implicitly found that plaintiff had authority to act on behalf of Nynex since 1984 when Nynex underwent divestiture and concluded that the defendant had contracted with the plaintiff. Reviewing the facts presented, the trial judge was correct in that ruling.
The contract with defendant clearly states that Nynex is the official publisher of directories for New England telephone companies. For example, next to the title Nynex Yellow Pages, it states: “OFFICIAL PUBLISHER OF DIRECTORIES FOR N.Y. AND N.E. TELEPHONE COMPANIES.” Sections nine and twelve of the contract refer to the Company (Nynex) and its affiliates under the heading “Section 9. Limitation of Liability of the Company,” and under the heading Section 12 “Indemnification.” In Section 17 the contract states that “The term ‘affiliate’ shall include Nynex Corporation, any of its subsidiaries, or any subsidiary of the Company.” A close reading of the contract demonstrates that the contract includes its affiliates, and thus supports the trial judge’s ruling.
Even addressing defendants claim of an unauthorized agency relationship between the two, there was ample evidence from which the trial judge could reasonably have found that plaintiff had authority to act on behalf of Nynex. "... Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal, which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.” RESTATEMENT (SECOND) OF AGENCY, §27 (1958). Proof of agency is ordinarily a question of fact. Weisman v. Saetz, 11 Mass. App. Ct. 440, 442 (1981); Stern v. Lieberman, 307 Mass. 77, 81 (1940).
The facts support the conclusion that Nynex by its conduct authorized plaintiff to act on its behalf. For example, defendant was billed monthly on his New England Telephone Company bill, which contained a separate line for directory advertising. As a result of the billing process, defendant paid four monthly installments on his NET bill for services rendered. In making payment on four billing invoices, defendant inferentially knew of the relationship of Nynex and plaintiff, and consented to plaintiff’s authority to collect payments on behalf of Nynex. “Acquiescence by the principal in conduct of an agent whose previously conferred authorization reasonably might include it, indicates that the conduct was authorized; if clearly not included in the authorization, acquiescence in it indicates affir-mance.” RESTATEMENT (SECOND) OF AGENCY, §43 (1958). The billing procedure, coupled with the contractual references to the principal’s affiliates and to plaintiff’s yellow pages established sufficient apparent authority to act on the principal’s behalf.
As the collecting agent, plaintiff would likewise stand in the shoes of the principal to sue on the debt. “It may be inferred from business customs, that the other party to a contract has agreed with the agent to pay the purchase price to the agent and not to the principal in person or to any other agent of the principal.... In such cases, the agent can properly maintain an action in his own name.” Id., §364 (1958).
The denial of the motion to dismiss is affirmed.