Karyn CHAPMAN, As Administratrix of
the Estate of Ashton Chapman,
Plaintiff,

v.

BERNARD'S INC., and Mattress
Discounters, Defendants.

No. Civ.A. 97–40127–NMG.

United States District Court,
D. Massachusetts.

Jan. 3, 2001.

Douglas K. Sheff, Andrew M. Abraham, Sheff Law Offices, Boston MA, for plaintiff.

Jack R. Pirozzolo, Christopher, R. Goddu, Willcox, Pirozzolo & McCarthy, Boston, MA, for Bernard's Inc.

Craig D. Murphy, Law Office of Donna Gully-Brown, Worcester, MA, for Mattress Discounters, Inc.

Richard M. Welsh, Scannell and Salerno, Worcester, MA, for Leo R. Laflamme, Jr.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, Karyn Chapman ("Chapman"), filed the instant action as administratrix of the estate of her son, Ashton Chapman, against defendants Bernard's Inc. ("Bernard's") and Mattress Discounters. Pending before this Court are motions by Mattress Discounters for 1) dismissal of the complaint pursuant to Fed.R.Civ.P. 41(b) (Docket No. 35), and 2) separate entry of judgment pursuant to Fed.R.Civ.P. 54(b) (Docket No. 34). Chapman has filed a motion "in support of Mattress Discounters' motion for separate entry of judgment" (Docket No. 37).

### I. *Background*

Bernard's manufactures daybeds and distributes them in Massachusetts through Mattress Discounters. Chapman alleges that on March 24, 1994, her infant son was killed when he became wedged between the mattress and tubular metal spindles of the foot rail on a daybed manufactured by Bernard's, which she had purchased through Mattress Discounters. Chapman's complaint includes claims for 1) negligence, 2) breach of warranty, 3) breach of the implied warranty of merchantability, 4) breach of the implied warranty of fitness for a particular purpose, 5) wrongful death, and 6) conscious pain and suffering. Bernard's denies liability and has cross-claimed against Mattress Discounters for contribution and/or indemnification.

Chapman states that since the beginning of 1999, she attempted to engage both defendants in settlement negotiations, but that Bernard's was unwilling to negotiate. Mattress Discounters, on the other hand, did

negotiate. The two parties entered into mediation in September, 2000, and on November 27, Chapman released Mattress Discounters and its insurer, Travelers Insurance Company ("Travelers"), from her claims for the sum of $400,000 pursuant to a Settlement Agreement and Release ("the Settlement Agreement"). Chapman claims that, after the mediation, Travelers and counsel for Mattress Discounters contacted Jack R. Pirozzolo ("Pirozzolo"), counsel for Bernard's, regarding possible settlement, but that Bernard's again indicated that it had no interest in settling.

Pirozzolo tells a different story. On October 30, 2000, he received a letter from counsel for Mattress Discounters inquiring whether Bernard's would settle. Pirozzolo notes that the letter failed to mention the then ongoing mediation. On October 31, 2000, following the mediation, but prior to the settlement, counsel for Mattress Discounters informed Pirozzolo that Chapman's counsel and Travelers' adjuster (but presumably not Mattress Discounters) were involved in settlement negotiations. Pirozzolo replied that he would prefer to postpone settlement negotiations until Bernard's filed its motion for summary judgment. Based upon those communications, Pirozzolo reports that Bernard's expected mediation between all parties to the instant action to occur following discovery.

After settlement, counsel for Chapman advised Pirozzolo of its fruition. Pirozzolo then allegedly contacted counsel for Mattress Discounters who reluctantly confirmed the same because, according to Pirozzolo, counsel for Chapman had asked Mattress Discounters to keep the mediation a secret.

## II. *Motion for Dismissal and Separate Entry of Judgment*

Mattress Discounters argues that because Chapman has settled her claims against it, those claims should be dismissed pursuant to Fed.R.Civ.P. 41(b) and a separate judgment of dismissal entered under Fed.R.Civ.P. 54(b).

### A. **Effect of Dismissal on Bernard's Cross–Claim**

Bernard's cross-claim seeks contribution and/or indemnification from Mattress Dis-

counters. Bernard's opposes the motion for dismissal primarily out of fear that dismissal of Chapman's claims against Mattress Discounters will extinguish Bernard's cross-claim. This Court separately addresses Bernard's concern with respect to its cross-claims for contribution and indemnification.

#### 1. *Contribution*

The Massachusetts statute dealing with contribution among joint tortfeasors provides, in pertinent part:

> When a release or covenant not to sue or not to enforce judgment is given in *good faith* to one of two or more persons liable in tort for the same injury:
>
> (a) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it, whichever is the greater; and
>
> (b) *It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.*

M.G.L. c. 231B, § 4 (emphasis added). Therefore, if the settlement between Chapman and Mattress Discounters was entered into in "good faith", it effectively discharges Mattress Discounters from Bernard's cross-claim for contribution. *Sullivan v. Bankhead Enter., Inc.*, 108 F.R.D. 378, 381 (D.Mass.1985). This rule, which is intended to encourage settlement, represents the realization that a joint tortfeasor will be unlikely to settle if he remains open to contribution claims. *Id.* at 380–81.

To determine whether Mattress Discounters is discharged from liability on Bernard's cross-claim, this Court must first determine whether the Settlement Agreement was entered into in good faith. The statute does not define good faith, but Massachusetts courts have stated that a lack of good faith under § 4 "includes collusion, fraud, dishonesty, and other wrongful conduct". *Noyes v. Raymond,* 28 Mass.App.Ct. 186, 190, 548 N.E.2d 196 (1990); *see also Slocum v. Donahue,* 44 Mass.App.Ct. 937, 938, 693 N.E.2d 179 (1998) (*quoting Noyes* ).

The amount of a settlement has no bearing on the good faith question. *Noyes,* 28 Mass. App.Ct. at 190, 548 N.E.2d 196.

The party seeking discharge has the initial burden of establishing good faith. *Id.* at 191, 548 N.E.2d 196. That burden is satisfied by showing that a settlement has been agreed upon and by describing its nature and terms. *Id.* The burden of production and persuasion then shifts to the nonsettling party. If the nonsettling party raises a legitimate issue of lack of good faith, it is entitled to an evidentiary hearing thereon, but in keeping with the goal of encouraging settlement, extended hearings on good faith should be the exception. *Id.* at 189–91, 548 N.E.2d 196. The case law indicates that it is difficult to prove a lack of good faith. *Id.* at 191, 548 N.E.2d 196 (no inference of collusion and thus lack of good faith arose from fact that plaintiff and defendant were husband and wife); *Slocum,* 44 Mass.App.Ct. at 938, 693 N.E.2d 179 (no lack of good faith simply because settlement negotiations proceeded without nonsettling defendants after they had rejected an initial settlement offer).

Bernard's contends that the failure of Chapman and Mattress Discounters to include it in, or even inform it about, the settlement negotiations constitutes a lack of good faith. Furthermore, Bernard's claims that such failure violated Local Rule 16.4(B) which provides that "[w]henever a settlement conference is held, a representative of each party who has settlement authority shall attend or be available by telephone" and subsection 16.4(C)(4)(c) of the same rule which requires, in the event of judicially-granted mediation, that a mediator meet with "each party".

As an initial matter, Mattress Discounters has satisfied its burden by providing a copy of the Settlement Agreement and stating, with support from Chapman, that it was made in good faith. Bernard's, in contrast, has not satisfied its burden of production and persuasion and therefore the contribution claim against Mattress Discounters is discharged pursuant to M.G.L. c. 231B, § 4. This Court concludes that Bernard's was aware of pending settlement negotiations involving its co-defendant, Mattress Discounters, because it admits knowing that Chapman and an adjuster for Travelers (Mattress Discounters' insurer) were engaged in mediation. Furthermore, Bernard's rejected an initial invitation by Chapman to settle and cannot now complain that settlement negotiations then proceeded without its participation. *Slocum,* 44 Mass.App.Ct. at 938, 693 N.E.2d 179.

Moreover, neither Mattress Discounters nor Chapman violated Local Rule 16.4. Subsections (B) and (C)(4)(c) of that rule apply only to judicially-granted mediation. Although, in its Scheduling Order, entered March 16, 1998, this Court encouraged the parties to mediate, they never requested the appointment of a mediator or court involvement in the mediation process. Furthermore, Rule 16.4 simply does not require one tortfeasor to include the other in its settlement negotiations.

### 2. *Indemnification*

The right to contribution flows from the shared fault of joint tortfeasors. *Slocum,* 44 Mass.App.Ct. at 939, 693 N.E.2d 179. Indemnity, on the other hand, allows one who is without fault but is legally compelled to defend against the wrongful act of another, to recover the entire amount of that loss from the wrongdoer. *Id.* "[I]ndemnity is permitted only when the would-be indemnitee does not join in the negligent act." *Decker v. Black & Decker Mfg. Co.,* 389 Mass. 35, 40, 449 N.E.2d 641 (1983). "This right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another." *Id.*

Discharge of liability for contribution under M.G.L. c. 231B, § 4 does not extinguish any right to indemnity. M.G.L. c. 231B, § 1(e). Nevertheless, Bernard's does not have a valid indemnity claim because it could not be held "derivatively or vicariously liable" for the any wrongful act of Mattress Discounters. The *Slocum* case is instructive. In that case, the parents of a minor killed when he was struck by an automobile, sued the driver and his wife who, in turn, asserted a third-party claim against the automobile manufacturer, Ford Motor Co. ("Ford"). Ford subsequently settled with the plaintiffs

and moved for summary judgment on the third-party claim. *Slocum,* 44 Mass.App.Ct. at 937, 693 N.E.2d 179. The motion was granted on the grounds that the driver was not entitled to indemnification from Ford because he could not be held vicariously liable to the plaintiffs for Ford's conduct under any circumstances. *Id.* at 939, 693 N.E.2d 179. The court also noted that, even if the plaintiffs had not settled with Ford, it could only have been found liable to the driver as a result of its negligence or breach of warranty. In either case, indemnity was not an appropriate remedy. *Id.*

 The instant case is analogous to *Slocum.* Bernard's is not an agent of Mattress Discounters, nor does it have a relationship with that co-defendant from which it could be held vicariously or derivatively liable for the actions of Mattress Discounters. Accordingly, Bernard's is not entitled to indemnification from Mattress Discounters under any circumstances.

### B. Standard for Dismissal

 Mattress Discounters seeks dismissal of Chapman's complaint under Fed. R.Civ.P. 41(b) which provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Chapman has neither failed to prosecute (i.e. engaged in delay tactics) nor failed to comply with the rules of civil procedure or any order of this Court. Accordingly, Bernard's motion will be treated as a motion under Rule 41(a)(2). That rule provides, in pertinent part:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The purpose of Rule 41(a)(2) is to permit the plaintiff, with court approval, to dismiss an action voluntarily as long as no other party

will suffer prejudice thereby. *Doe v. Urohealth Systems, Inc.,* 216 F.3d 157, 160 (1st Cir.2000). The district court is responsible for ensuring that such prejudice will not occur. *Id.* A court may dismiss an action as to fewer than all of the defendants because the word "action" in Rule 41(a)(2) has been construed to mean all claims against any one defendant. *Sullivan,* 108 F.R.D. at 382.

 Mattress Discounters urges dismissal of Chapman's claims in light of the Settlement Agreement.[1] Although Rule 41(a)(2) speaks only in terms of a plaintiff's motion for dismissal, the rule has been applied to a defendant's motion as well. *Sullivan,* 108 F.R.D. at 382. Dismissal of Chapman's claims against Mattress Discounters will not prejudice Bernard's. The Settlement Agreement discharged Mattress Discounters from liability on the cross-claim for contribution and Bernard's is not entitled to indemnification from Mattress Discounters as a matter of law. There is thus no need for Mattress Discounters to remain a party to the action. Dismissal under Rule 41(a)(2) is appropriate.

### C. Standard for Separate Entry of Judgment

 Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The purpose of this rule is

> to allow an immediate appeal from that judgment in situations where, otherwise, a party would have to await a final judgment adjudicating all claims between all the parties in an action, and, because of such delay and the inability to appeal, the party would suffer a hardship.

*Sullivan,* 108 F.R.D. at 381. Rule 54(b) requests are not to be granted routinely. *Cur-*

---

1. Although Chapman's motion in support of Mattress Discounters seeks only a separate entry of judgment pursuant to Fed.R.Civ.P. 54(b), by implication it concurs in the dismissal of the action against that defendant.

*tiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

Mattress Discounters has not demonstrated that it will suffer any hardship if a separate judgment is not entered on its behalf. Furthermore, it has no reason to appeal because Chapman has released it from liability in the instant suit. *Sullivan,* 108 F.R.D. at 381 (settlement of claims against a party negates any need that party might have for an appeal, "much less an immediate one"). Accordingly, separate entry of judgment under Fed.R.Civ.P. 54(b) is inappropriate.

## ORDER

For the reasons set forth in the Memorandum above:

1) the motion of defendant, Mattress Discounters, for dismissal of the complaint (Docket No. 35) is ALLOWED, with prejudice;

2) the motion of defendant, Mattress Discounters, for separate entry of judgment (Docket No. 34) is DENIED; and

3) plaintiff's motion in support of the motion of defendant, Mattress Discounters, for separate entry of judgment (Docket No. 37) is DENIED.

So ordered.