UNITED STATES of America, Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, et al., Defendants.

In the Matter of the Applications of MUZAK, LLC, et al. and DMX Music, Inc., et al., Applicants,

For the Determination of Reasonable Licensing Fees.

Civ.A. No. 41–1395(WCC).

United States District Court, S.D. New York.

Sept. 3, 2004.

White & Case LLP, Carol A. Witschel, I. Fred Koenigsberg, Stefan M. Mentzer,

of Counsel, American Society of Composers, Authors and Publishers, New York City, Richard H. Reimer, of Counsel, for Defendant American Society of Composers, Authors and Publishers.

Weil, Gotshal & Manges LLP, R. Bruce Rich, Michael A. Rona, Jennifer B. Gutterman, of Counsel, New York City, for Applicants Muzak, LLC and DMX Music, Inc.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Applicants Muzak, LLC and DMX Music, Inc. (collectively "applicants") move for certification to appeal this Court's Opinions and Orders (the "Orders") in *United States v. Am. Soc'y of Composers, Authors & Publishers (Applications of Muzak, LLC & DMX Music, Inc.)*, dated March 17, 2004 and July 2, 2004, and published respectively at 309 F.Supp.2d 566 and 323 F.Supp.2d 588. Applicants seek certification of the Orders: (1) as a partial final judgment pursuant to Fed. R. Civ. P. 54(b); or (2) pursuant to 28 U.S.C. § 1292(b), allowing them to seek an interlocutory appeal pursuant to Fed. R. App. P. 5(a). For the reasons set forth herein, we deny applicants' motion for certification in its entirety.

### BACKGROUND

In the March 17 Order, familiarity with which is presumed, this Court concluded:

> For all of the foregoing reasons, we conclude that a music publisher's catalog is not a "segment" for purposes of "per-segment" licensing under AFJ2 section VII and that ASCAP is, therefore, not required to issue to applicants a catalog-based license limited to those publishers' catalogs that are not otherwise directly licensed. *We also conclude, however,* *that the existence of such direct licensing relationships may and will be considered by this Court in a rate court proceeding under AFJ2 section IX* in determining whether ASCAP has met its burden of proving the reasonableness of the blanket licensing fee it seeks or, in the event that ASCAP fails to meet that burden, in the Court's calculation of a reasonable fee based on all the evidence.

309 F.Supp.2d at 581 (emphasis added). Thereafter, applicants moved for clarification of that Order because the parties disagreed about whether the above-emphasized language requires a blanket license fee structure that is adjustable during the license term to afford applicants the benefit of direct licensing arrangements that they may enter into during the license term. In the July 2 Order, we granted applicants' motion for clarification, but concluded that under the March 17 Order, the Court "need consider only those direct licensing relationships already in existence at the time of trial in determining a reasonable blanket licensing fee," and that the "Order does not contemplate a blanket license fee mechanism that provides credits or discounts for direct licensing arrangements that applicants may enter into during the term of the license." 323 F.Supp.2d at 592–93.

Applicants now desire an immediate appeal of these Orders to the United States Court of Appeals for the Second Circuit. Accordingly, applicants move for their certification as: (1) a final judgment pursuant to Fed. R. Civ. P. 54(b); or (2) for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### DISCUSSION

**I. *Certification as a Final Judgment Pursuant to Fed.R.Civ.P. 54(b)***

Ordinarily, under 28 U.S.C. § 1291, the federal courts of appeal gener-

ally have appellate jurisdiction only over final judgments of district courts that "conclusively determine[ ] all of the rights of the parties to the litigation." *See, e.g., O'Bert v. Vargo,* 331 F.3d 29, 40 (2d Cir. 2003). Applicants, however, seek certification of the Orders as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which allows for the entry of an appealable partial final judgment and provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

*Id.* The Second Circuit has, however, cautioned that "[t]he matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.' " *O'Bert,* 331 F.3d at 40–41 (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Indeed, "[r]espect for that policy requires that the

court's power to enter a final judgment before the entire case is concluded, in order to permit an aggrieved party to take an immediate appeal, be exercised sparingly." *O'Bert,* 331 F.3d at 41. The district court's decision to certify a partial final judgment is reviewed for abuse of discretion, and we are obligated to accompany any order granting certification with a non-conclusory, "reasoned, even if brief, explanation" of that conclusion. *Id.*

Applicants argue that Rule 54(b) certification is appropriate pursuant to *United States v. Broad. Music, Inc. (Application of AEI),* 275 F.3d 168 (2d Cir.2001) (hereinafter "*AEI*"), and *United States v. Am. Soc'y of Composers, Authors & Publishers (Application of Turner Broad. Sys., Inc.),* 782 F.Supp. 778 (S.D.N.Y.1991) (hereinafter "*Turner*"). (Applicants Mem. Supp. Mot. Cert. at 5–7.) ASCAP argues, however, that certification pursuant to Rule 54(b) is inappropriate because there is only one claim for relief in this rate court proceeding. (ASCAP Mem. Opp. Mot. Cert. at 3–4.) ASCAP further argues that both *AEI* and *Turner* are distinguishable from the present case. We deny applicants' motion for certification of the Orders as a final judgment pursuant to Rule 54(b).

Assuming without deciding that the form of the blanket license and the fee computation are separate "claims" in this rate court proceeding,[1] and that the Or-

---

1. In support of this proposition, applicants rely heavily on *Turner,* wherein Magistrate Judge Dolinger concluded that although the initial pleading in that rate court proceeding only asked that the court set reasonable fees, during the course of the litigation, the "applicants pressed, and prevailed on, a separate though related claim for relief—their assertion that they are entitled to through-to-the-viewer and per-program licenses, and that the court should order ASCAP to offer those forms of license to applicants." 782 F.Supp. at 818. He reasoned:

The question of applicants' entitlement to those types of licenses is not merely an issue raised by the original petition—although its resolution would be necessary to a fee-setting decision—but rather comprises a separate claim raised by applicants, since the relief that they seek contemplates that ASCAP will be required to quote a fee and engage in negotiations concerning the terms of such licenses. Only in the event that the negotiations fail would the court be called upon to address the claim articulated in the original petition—that ASCAP and the applicants should be assigned a reason-

ders therefore *could* constitute a partial final judgment under Rule 54(b), we nevertheless conclude that the present case is not an appropriate candidate for certification under that "sparingly exercised" Rule. Although Rule 54(b) certification was granted in the similar cases of *AEI* and *Turner*, those cases are factually and procedurally distinct from the present case. For example, in *Turner*, Judge Dolinger concluded that the applicants' entitlement to through-to-the-viewer and per-program licenses constituted a claim separate from the underlying fee determination. 782 F.Supp. at 818; *see also supra* note 1. He then held that certification for immediate appeal was appropriate because: (1) the parties could not engage in meaningful negotiations without a final determination of the form of the licenses; and (2) it would potentially waste the court's time to determine a reasonable fee for a license that the Second Circuit might ultimately conclude ASCAP was not required to issue to applicants. *Id.* at 818–19. He concluded that "there is no just reason to delay entry of a judgment directing ASCAP to

offer through-to-the-viewer and per-program licenses to the applicants if they wish them." *Id.* at 819.

Judge Dolinger's Rule 54(b) determination in *Turner* was driven by his desire to avoid wasting judicial resources. This concern is, however, not an issue in the present case because, as ASCAP points out, barring settlement, this Court will not be relieved of its obligation of determining a reasonable blanket license fee, taking into account factors that include the existence of direct licensing arrangements entered into by applicants.[2] (ASCAP Mem. Opp. Mot. Cert. at 6.) Computation of this fee is necessary regardless of the Orders' fate before the Second Circuit, and the trial will therefore not be rendered meaningless even if the Orders do not survive appellate scrutiny. More specifically, if the Second Circuit holds that the Orders improperly denied applicants a mechanism or formula that reduces the blanket license fee as a result of direct licensing arrangements entered into during the license term, any formula ordered by that court still must be applied to a baseline reason-

---

able fee by the court. This two-step, or two-claim, process is in fact necessitated by the underlying Consent Decree, which contemplates that the parties engage in negotiation concerning the fees for a license requested by an applicant before asking the court to set the fee. *Id.* In so concluding, Judge Dolinger fit his holding within the definition of "claim" in the Rule 54(b) context, as articulated by the Second Circuit. *See id.* at 818 (citing *Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 418 (2d Cir.1989)); *see also Gottesman v. Gen. Motors Corp.*, 401 F.2d 510, 512 (2d Cir.1968) (per curiam) (noting that under Rule 54(b), "[t]he word claim denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts' ").

2. Accordingly, this case is also distinct from *AEI*, wherein the district court had improperly concluded that BMI was not obligated to offer blanket licenses with "carve-outs" that

reduced the fee to reflect alternative licensing. 275 F.3d at 176–77. The district court then entered judgment pursuant to Rule 54(b), and the applicants appealed. *Id.* at 175. This entry of judgment apparently met with the Second Circuit's approval because it exercised its appellate jurisdiction over the case without further discussion, subsequently reversing the holding of the district court on the merits. *Id.* at 175, 177. Neither the Second Circuit's nor the district court's decision in *AEI*, No. 64 Civ. 3787, 2000 WL 280034 (S.D.N.Y. Mar. 15, 2000), provides a discussion of the Rule 54(b) certification therein. We, however, conclude that the district court decision in *AEI* was distinct from our decision in the present case because in that case, the district court had concluded that BMI was not obligated to offer the license at issue. 2000 WL 280034, at *4. There was, therefore, no fee-setting to be done at that point with respect to that license.

able blanket license fee, which this Court must determine regardless of whether an appeal pursuant to Rule 54(b) is permitted.[3] An immediate appeal will not, therefore, preserve the scarce judicial resources of the White Plains federal courthouse, and might in fact waste resources at the appellate level because the Second Circuit would, in addition to hearing the immediate appeal of the Orders, then have to hear a subsequent appeal from this Court's judgment following the trial.[4] *See Uni-Credito Italiano SPA v. J.P. Morgan Chase Bank,* 288 F.Supp.2d 485, 506 (S.D.N.Y.2003) (noting that "judicial economy will best be served if multiple appellate panels do not have to familiarize themselves with this case in piecemeal appeals"). Accordingly, we decline to certify the Orders as a final judgment pursuant to Rule 54(b).

**3.** Applicants argue in their reply brief that a second trial on remand would not be as "simplistic" as ASCAP suggests and would entail substantial additional discovery, including the use of expert witnesses, to determine a reasonable fee adjustment mechanism. (Applicants Reply Mem. Supp. Mot. Cert. at 4–5.) This argument is, however, seemingly belied by their opening memorandum. Although we will not explore the merits of whether applicants are entitled to an ongoing fee adjustment for subsequently-entered direct licensing arrangements, we note that the discount structure proposed and illustrated by applicants in their opening brief seems to involve nothing more than simple arithmetic; i.e., discounting the reasonable blanket license fee by a percentage based on the fraction of the ASCAP works played by applicants for which they have direct licenses. (Applicants Mem. Supp. Mot. Cert. at 8–9.)

**4.** We note that applicants and ASCAP have conflicting views about the financial consequences for each that would stem from an immediate appeal and stay of the proceedings, and have debated which entity has or will incur more financial harm as the result of this litigation. (Applicants Mem. Supp. Mot. Cert. at 12; ASCAP Mem. Opp. Mot. Cert. at 7 & n. 4; Applicants Reply Mem. Supp. Mot.

## II. Certification for an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Applicants also seek certification of the Orders for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an ap-

Cert. at 3–4.) We are aware of the financial hardships imposed on any business by protracted litigation; we are, however, not convinced that they will be ameliorated sufficiently by an immediate appeal or increased substantially by a conventional appeal, even if remand should be necessary, and therefore decline to allow an appeal prior to final judgment.

Applicants also argue that an interlocutory appeal is necessary because, under the license structure as envisioned by the Orders, they presently have no incentive to pursue direct licensing arrangements because their pre-existing blanket licensing fee will not be reduced. (Applicants Mem. Supp. Mot. Cert. at 9.) We have addressed this concern previously in the July 2 Order, and reiterate our position that applicants may avoid a double payment situation by: (1) entering into a short term blanket license with ASCAP, during which they may negotiate direct licensing agreements with composers and publishers; and (2) having those direct licensing arrangements take effect after the expiration of the blanket license with ASCAP. 323 F.Supp.2d at 592 (noting that "[t]his simply means that the Order's long-term significance with respect to future licenses likely exceeds its immediate effect on the parties' business relationship").

peal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

We agree with the parties on the undisputed point that the Orders constitute a "controlling question of law as to which there is substantial ground for difference of opinion."[5] (Applicants Mem. Supp. Mot. Cert. at 13–14; ASCAP Mem. Opp. Mot. Cert. at 10–12.)

 Whether to certify an interlocutory appeal pursuant to § 1292(b) lies within the discretion of this Court. *Blech Secs. Litig.*, 2003 WL 134988, at *1; *see also Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 574 (S.D.N.Y.2001). Nevertheless, "the Second Circuit has repeatedly 'urged the district courts to exercise great care in making a § 1292(b) certification.'" *German v. Fed. Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1398 (S.D.N.Y.1995) (citing *Westwood Pharms., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir.1992)). Indeed, "[c]ertification is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation. It is not intended as a vehicle to provide early review of difficult rulings in hard cases." *German*, 896 F.Supp. at 1398.

We conclude that certification of an interlocutory appeal will not "materially ad-

vance the ultimate termination of the litigation" in this case. This proceeding is presently set for a trial in January 2005 that will ascertain a baseline reasonable fee for a blanket license. As discussed previously in the Rule 54(b) context, *see supra* Part I., a trial to determine that baseline fee is necessary, regardless of what the Second Circuit ultimately decides. Certification of an interlocutory appeal would probably delay that trial for at least a year and possibly much more. There would almost certainly be a second appeal from this Court's judgment following that trial, and final resolution of the issues would be over three years away. For these reasons, we are loath to depart from the sound and well-established policy of avoiding piecemeal appeals as embodied in the final judgment rule, and deny applicants' motion for certification of an interlocutory appeal pursuant to § 1292(b).

### CONCLUSION

For all of the foregoing reasons, we deny applicants Muzak, LLC and DMX Music, Inc.'s motion for certification of this Court's Opinions and Orders dated March 17, 2004 and July 2, 2004:(1) as a partial final judgment pursuant to FED. R. CIV. P. 54(b); or (2) pursuant to 28 U.S.C. § 1292(b), allowing them to seek an interlocutory appeal pursuant to FED. R. APP. P. 5(a).

SO ORDERED.

---

5. The ample and sophisticated briefing submitted by all parties to this case has made obvious the "substantial ground for difference of opinion" presented by the legal issues addressed in the Orders. The Orders present a "controlling question of law" because a question of law is controlling if, *inter alia*, "reversal of the district court's opinion, even though not resulting in dismissal, could significantly

affect the conduct of the action." *In re Blech Secs. Litig.*, No. 94 Civ. 7696, 2003 WL 134988, at *2 (S.D.N.Y. Jan. 17, 2003) (noting also that a question of law is controlling if "reversal of the district court's opinion could result in dismissal of the action" or "the certified issue has precedential value for a large number of cases").